Harold Lloyd **FINKLEA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 57072.

Court of Criminal Appeals of Texas, En Banc.

April 18, 1979.

Rex Kirby, Tyler, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

CLINTON, Judge.

On original submission judgment of conviction of forgery by passing on appellant's plea of guilty was affirmed by a majority opinion delivered December 20, 1978. It and the dissenting opinion, along with opinions in cases cited therein, revealed the diversity of views held by various members of the Court on the matter of knowledge in a forgery case. Essentially the issue is whether an indictment is fundamentally defective if it does not allege that the accused knew the writing in question was forged.[1] The prior opinions are now withdrawn in favor of this one.

Appellant's motion for leave to file motion for rehearing was granted February 21, 1979 to provide an opportunity for determining the majority view of the Court as presently constituted. With deference the writer will not "seize the day" for there is perceived an even more fundamental problem with the indictment: Simply stated, it fails to allege an offense.

Omitting the formal part, the indictment alleges that appellant, and two others, on the date stated did:

"with intent to defraud and harm another pass to Martha Harrison a writing that had been made to (sic) that it purported to be the act of another who did not authorize the act and which writing is to the tenor following: A $20.00 United States Federal Reserve note, Serial No. K749 591 23A

(here affixed is a copy of a $20.00 bill bearing that serial number)

and said writing purports to be and is part of an issue of money issued by the United States Treasury Department."

Under his first ground of error in his original brief, appellant asserts that the indictment is fatally defective because nothing in it distinguishes the $20.00 bill from any other Federal Reserve note in that denomination and because the indictment itself clearly states that the note "is part of an issue of money issued by the United States Treasury Department." We agree.

The language of the indictment, taken as a whole, with the copy of the bill or note exhibited is at once internally so inherently contradictory that the offense of forgery by passing is simply not presented. Obviously if the $20.00 bill "purports to be and *is* part of an issue of money" it is not a "forgery," that is, it is not a counterfeit bill. As affixed to the indictment, the bill appears to be genuine; that appearance of genuineness is confirmed by the statement in the indictment that it purports to be and is a part of an issue of money issued by the United States Treasury Department. As such, passing the bill was not an illegal act.

Appellant's motion for rehearing is, accordingly, granted, the judgment of conviction reversed and further prosecution on the indictment in No. 9092 is ordered dismissed.

DALLY, Judge, concurring.

It should also be pointed out that the indictment is deficient because it fails to allege an essential element of the offense, i. e., that the appellant had knowledge the Federal Reserve Note was counterfeit when it was passed. As was said in *United States v. Bishop*, 534 F.2d 214 (10th Cir. 1976):

"It is fundamental that the naked act of possessing and passing counterfeit money without knowledge that it is counterfeit does not establish the requisite knowledge essential to the crime of passing or the requisite intent to defraud."

See also the opinion on original submission in *Jones v. State*, 545 S.W.2d 771 (Tex.Cr. App.1977).

I concur in the reversal of the judgment.

---

1. See, e. g., *Jones v. State*, 545 S.W.2d 771 (Tex.Cr.App.1977) and *Jiminez v. State*, 552 S.W.2d 469 (Tex.Cr.App.1977), when the Court was composed of five judges.