**Augusta BOGANY, Jr., Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 01–81–0858–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 16, 1982.

John Woods, Houston, for appellant.

Janiece Longoria, Houston, for appellee.

Before DUGGAN, JACK SMITH and BASS, JJ.

OPINION

DUGGAN, Justice.

Appellant was convicted by a jury for the offense of unauthorized use of a motor ve-

hicle. Punishment was assessed by the trial court at five years imprisonment, probated, and a $1,500 fine. We reverse the conviction.

None of appellant's four grounds of error allege insufficiency of the evidence. By his first ground of error, appellant raises the matter of a fundamental defect in the indictment, arguing that it does not state any act or omission by appellant that constitutes an offense against the State. The indictment alleges, in pertinent part, that appellant

> On or about August 4, 1981 did ... unlawfully, intentionally and knowingly operate a motor propelled vehicle, namely an automobile, owned by Robert Suelter, a person having a greater right to possession of the property *other than Defendant* and hereafter styled the Complainant, without the effective consent of the Complainant, namely, without consent of any kind. (Emphasis added).

■ If an indictment states facts which, if true, show a violation of the law by the accused, it is not fundamentally defective. *Ex Parte Millard*, 587 S.W.2d 703 (Tex.Cr. App.1979); *Posey v. State*, 545 S.W.2d 162 (Tex.Cr.App.1977).

■ Appellant correctly notes that while § 1.07(24) of the Texas Penal Code partially defines "owner" as one having "a greater right to possession of the property *than* [defendant]," the indictment alleges that complainant, as owner, was a person having "a greater right to possession of the property *other than Defendant*" (emphasis added). It is appellant's position that, as written, the indictment alleges that appellant had as great a right to possession of the subject vehicle as did complainant, which would not constitute an offense under § 31.07 of the Texas Penal Code. We agree with this contention.

Under § 31.07, a person commits an offense if he "intentionally or knowingly operates another's ... motor-propelled vehicle without the effective consent of the owner." As applicable here, the owner would be a person having a greater right to possession of the vehicle than the defend-

ant. It was not necessary that the indictment allege that the complainant had a greater right of possession, because "owner" is statutorily defined. See *Allen v. State*, 549 S.W.2d 5 (Tex.Cr.App.1977); *Boney v. State*, 572 S.W.2d 529 (Tex.Cr.App. 1978). In the instant case, the State has used language in the indictment which states clearly that appellant and complainant each had equal rights to possession of the subject vehicle. Use or operation of a vehicle by an individual with such right of possession would not constitute the offense of unauthorized use of the vehicle.

■ It is well-settled that an indictment must allege all essential elements of an offense. *Ex Parte Millard, supra*. The present indictment fails by its own terms when tested by this standard, since the element of ownership is negated by the definition of the term which the State unnecessarily chose to include. The fact that the use of the disputed word "other" may have been only an inadvertent error would not be material. As stated in *Ex Parte Millard*,

> But, more importantly, discovering the defect or having it called to the attention of this court, we will not assume the risk involved by undertaking to cure the defect through interpretation and construction of the otherwise fatal infirmity.

587 S.W.2d at 707.

For these reasons, we reject the State's interpretation of the indictment which suggests that "other than Defendant" refers back to the complainant, such that the indictment alleges the complainant to be a person other than appellant. This construction, accepting "other than Defendant" to be descriptive of the named owner, leaves an incomplete statement of the offense. The reader is not told who the owner has "a greater right of possession than." Accordingly, we find the indictment to be fundamentally defective for failure to state an offense against the State. Appellant's first ground of error is sustained.

We have reviewed appellant's remaining three grounds of error and find them to be without merit. The record otherwise re-

veals sufficient evidence to sustain the conviction.

The conviction is reversed, and the indictment ordered dismissed.