William **WHETSTONE**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 14–88, 15–88.

Court of Criminal Appeals of Texas, En Banc.

March 28, 1990.

---

Ted Redington, Dallas, for appellant.

John Vance, Dist. Atty., & Pamela Sullivan Berdanier, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant appeals from orders revoking his probation on two felony theft convictions, V.T.C.A. Penal Code Sec. 31.03(a), and sentencing him to two five year prison terms, which run concurrently. On direct appeal, appellant contended the 1981 indictments to which he originally pled guilty were fundamentally defective for failing to allege the elements of theft. The court of appeals agreed, reversed the trial court's judgments and dismissed the indictments. *Whetstone v. State,* 739 S.W.2d 650 (Tex. App.—Dallas 1987). We granted the State's petition for discretionary review to address three issues: whether the court of appeals erred in holding it had jurisdiction to consider this appeal; whether the court of appeals erred in holding the indictments were fundamentally defective; and whether the court of appeals erred in holding the alleged defects were reversible error because the court had no statement of facts by which to perform a harmless error analysis pursuant to *Adams v. State,* 707 S.W.2d 900 (Tex.Cr.App.1986).[1] We will reverse the judgment of the court of appeals based on our disposition of the second ground for review.

Initially, we must address the State's first ground for review and determine whether the court of appeals correctly decided it had jurisdiction to entertain this appeal. As to this ground, the State argued on direct appeal that the court of appeals did not have jurisdiction to consider appellant's contention under Art. 44.02,

---

1. This third ground obviously depends on our resolution of the second ground for review since *Adams* addresses notice problems in charging instruments, not fundamental defects.

V.A.C.C.P., and our recent holding in *Morris v. State*, 749 S.W.2d 772 (Tex.Cr.App. 1986).[2] The court of appeals distinguished *Morris* since it dealt with the sufficiency of the evidence, an issue which does not operate to deprive the trial court of jurisdiction over the cause. The court of appeals stated that an indictment's failure to allege an offense prevents the district court from acquiring jurisdiction, and a negotiated plea under Art. 44.02 waives only a defendant's right to appeal *nonjurisdictional* defects. *Whetstone*, 739 S.W.2d at 651. Thus, the court of appeals overruled the State's jurisdictional argument.

We hold the court of appeals correctly concluded it had jurisdiction of appellant's appeal. We find, however, that Art. 44.02 is inapplicable to this appeal.

■ In the present cause, as we have noted, appellant pled guilty to both felony theft indictments and was given probation pursuant to his plea bargain agreement with the State. At this point in time, the provisions of Art. 44.02 and Art. 42.12, § 8(b), V.A.C.C.P.,[3] would be invoked; however, appellant did not appeal either of these convictions. Appellant did not challenge the validity of these two convictions until the trial judge entered the order revoking his probation on each conviction. Regardless of Art. 44.02, appellant may not now challenge the validity of these convictions in his appeal from the revocation order. The validity of the original conviction, from which no appeal is taken, ordinarily cannot be raised on appeal from a revocation order. *Burrell v. State*, 492 S.W.2d 482 (Tex.Cr.App.1973), and cases cited therein.

■ We find the issue is not one of *jurisdiction* of the court of appeals in this case, but rather cognizability of issues on appeal. Appellant raises for the first time the validity of the indictments to support his two convictions. This issue is one that may be addressed by the appellate court regardless of whether appellant pled guilty to the indictments or failed to raise the issue on direct appeal of his convictions. Since appellant is attacking the original indictments on the theory they are fundamentally defective, he may raise the issue on appeal from the orders revoking his probation. *Penny v. State*, 567 S.W.2d 6 (Tex.Cr.App.1978). The court of appeals correctly addressed the issue of whether the theft indictments were fundamentally defective. The State's first ground for review is overruled.

In its second ground for review, the State contends the court of appeals erred in holding the theft indictments were fundamentally defective for failing to allege an offense. The pertinent portions of the indictments in these two causes are identical except for the description of the property allegedly stolen and the name of the complainant. The indictments alleged appellant did then and there unlawfully:

knowingly and intentionally appropriate property, namely: exercise control over property, other than real property, [description of property], without the effective consent of [complainant], the owner of said property who had a greater right to possession of the said property than the defendant, with the intent to deprive the said owner of the said property, namely: to withhold the said property from the said owner permanently, and such appropriation was without effective consent since the consent was induced by deception in that the said property was secured in exchange for a check that was subsequently dishonored by the bank,

· · ·

Focusing on the descriptive averments accompanying the allegations of "deception", the court of appeals held the indictments were fundamentally defective because no offense had been alleged in either

---

2. By order of this Court dated December 18, 1985, effective September 1, 1986, adopting the Texas Rules of Appellate Procedure, pursuant to Acts 1985, 69th Leg., ch. 685, sec. 4, the Court repealed the proviso of Art. 44.02. See now Tex.R.App.Proc. 40(b). Under the September 22, 1986, Order Implementing the Texas Rules of Appellate Procedure in Criminal Cases, however, we address this ground under the provisions effective at the time of appellant's plea.

3. See now Art. 42.12, § 26(b), V.A.C.C.P.

one. Specifically, the court found the allegation that the property was secured "in exchange for a check" described a "perfectly legal activity", and the allegations that the checks were subsequently dishonored by the bank, "standing alone", did not assert any scienter on appellant's part. *Whetstone*, 739 S.W.2d at 652. The court of appeals thus held the fact allegations of only lawful conduct rendered the indictments fundamentally defective. *Id.*

We disagree with the court of appeals' analysis for two reasons. First, the construction of the pleading should be done by practical considerations, not technical ones, and by reading the indictment *as a whole*. *Oliver v. State*, 692 S.W.2d 712, 714 (Tex.Cr.App.1985). When examining an indictment for fundamental error, the test is whether the State's pleading alleges an offense against the law. *Id.*, citing *Drumm v. State*, 560 S.W.2d 944 (Tex.Cr. App.1977). In deciding whether the indictments in the cases *sub judice* alleged offenses against the laws of this state, the court of appeals focused only on the descriptive averments supporting one allegation in each indictment and failed to construe each indictment as a whole. Under *Oliver*, this analysis is inadequate.

Secondly, we note that each indictment adequately charged the elements of theft under Penal Code Sec. 31.03. In a prosecution for theft the State need only allege that the defendant (1) "unlawfully" appropriated personal property (2) with the intent to deprive the owner of the property. *Berg v. State*, 747 S.W.2d 800 (Tex.Cr.App. 1984) (Opinion on Appellant's Motion for Rehearing). Any subsequent allegations are not required to adequately charge an offense. As we stated in *Berg*,

> If the State alleges these elements, then they have alleged all that is necessary to

establish that the accused has been charged with a crime and all that is necessary to give the accused notice of the crime of which he is accused. The State need not plead the manner of acquisition or the circumstances surrounding the offense. The manner of acquisition or circumstance surrounding the acquisition are merely evidentiary matters and there is no requirement that the State plead evidentiary matters. *Thomas v. State*, 621 S.W.2d 158 (Tex.Cr.App.1981); *McClain v. State*, [687 S.W.2d 350 (Tex. Cr.App.1985)].

*Berg*, 747 S.W.2d at 809. In the present causes, the indictments clearly alleged the two necessary elements: (1) appellant unlawfully appropriated property, which was specifically described in each indictment and was personal property, (2) with the intent to deprive the owner of the said property.

The State argues in its brief that appellant was not "entitled to have the term 'deception,' much less a description of that deception, included in the indictments," and therefore the description of the means of deception, even if incorrect, was mere surplusage and can be disregarded. The general rule is that allegations which are not essential to constitute the offense, and which *might be entirely omitted without affecting the charge against the defendant, and without detriment to the indictment,* are treated as mere surplusage. *Burrell v. State*, 526 S.W.2d 799, 802 (Tex.Cr.App.1975). The exception to this rule exists where the unnecessary matter descriptive of that which is legally essential to charge a crime is pled, then the unnecessary pleading must be proven as alleged. *Id.*[4] The pivotal issue, however, is not whether we can disregard the allegations as mere surplusage, but rather

---

4. Thus, if appellant were challenging the sufficiency of the evidence to sustain his convictions, the State would be required to prove the factual allegations showing "without effective consent" even though the allegation of "without effective consent" is not essential to a valid indictment charging theft. *Ex parte Luna*, 784 S.W.2d 369 (Tex.Cr.App.1990). Under the theft statute, Penal Code § 31.03(b)(1), the taking of property is "unlawful" when done without the owner's effective consent. Furthermore, consent is not effective when induced by deception. Penal Code § 31.01(4)(A). Since the State pled these additional allegations as to "unlawful", an element essential to the validity of the charge, the State is required to prove them. See *Burrell*, 526 S.W.2d 799; *Wray v. State*, 711 S.W.2d 631 (Tex.Cr.App.1986).

whether these additional factual averments *negated* an element of the offense of theft.

The court of appeals cited *Bogany v. State*, 646 S.W.2d 534 (Tex.App.—Houston [1st Dist.] 1982, no pet.), for the principle that "if an element of the offense is negated by an allegation defining that element, the indictment is rendered fundamentally defective even though that descriptive allegation was unnecessary." *Whetstone*, 739 S.W.2d at 652. In *Bogany*, an unauthorized use of a motor vehicle case, the court of appeals held the indictment failed to allege an offense since it alleged the defendant had as great a right to possession of the vehicle as did the complainant. The appellate court found the element of ownership was negated by the definition of the term which the State unnecessarily pled. *Bogany*, 646 S.W.2d at 535.

In *Keagan v. State*, 618 S.W.2d 54 (Tex. Cr.App.1981), this Court adhered to the rule that if there is an irreconcilable repugnancy between the purport and tenor clauses in a forgery indictment, this will render the indictment fatally defective. By utilizing the doctrine of idem sonans, we found no irreconcilable repugnancy in *Keagan*, 618 S.W.2d at 59. Such was not the case, however, in *Finklea v. State*, 579 S.W.2d 497 (Tex.Cr.App.1979), another forgery case. In *Finklea*, we found the indictment so inherently contradictory that the offense of forgery by passing was not presented. *Id.* at 498. The problem with the indictment in *Finklea* was that it alleged that the writing, a $20.00 bill, "purports to be

and *is* part of an issue of money." Alleging that the writing was money negated the forgery allegation, and thus the indictment failed to allege an offense.

While the reasoning in the above-cited cases is sound, we find the indictments in the causes *sub judice* do not contain contradictory allegations which negate an element of the offense of theft, and hence the cases are not dispositive. We acknowledge that the factual allegations in the indictments describing how the owner's consent was not effective do not allege "deception" as it is defined in the Penal Code. See § 31.01(2).[5] If the State had further alleged for instance that appellant knew he had inadequate funds in his bank account, then the factual allegations would have clearly shown deception. Or, on the other hand, if the State had alleged appellant knew he had adequate funds in his account, then the State would have pled purely innocent conduct that affirmatively negated an element of the offense, and the indictments would fail to allege offenses. We find, however, that neither situation is present. The indictments neither plead deception as defined in the Penal Code nor do they plead behavior negating an element of theft as the court of appeals implicitly held. See *Whetstone*, 739 S.W.2d at 652. As such, we hold the indictments in these causes adequately charged the elements of theft and therefore are not fundamentally defective. The State's second ground for review is sustained.[6]

**5.** Section 31.01(2) states:
"Deception" means:
(A) creating or confirming by words or conduct a false impression of law or fact that is likely to affect the judgment of another in the transaction, and that the actor does not believe to be true;
(B) failing to correct a false impression of law or fact that is likely to affect the judgment of another in the transaction, that the actor previously created or confirmed by words or conduct, and that the actor does not now believe to be true;
(C) preventing another from acquiring information likely to affect his judgment in the transaction;
(D) selling or otherwise transferring or encumbering property without disclosing a lien, security interest, adverse claim, or other legal impediment to the enjoyment of the property,

whether the lien, security interest, claim, or impediment is or is not valid, or is or is not a matter of official record; or
(E) promising performance that is likely to affect the judgment of another in the transaction, and that the actor does not intend to perform or knows will not be performed, except that failure to perform the promise in issue without other evidence of intent or knowledge is not sufficient proof that the actor did not intend to perform or knew the promise would not be performed.

**6.** In its third ground for review, the State contends the court of appeals erred in holding the alleged defect in the indictments was reversible error because the court had no statement of facts with which to perform the harmless error analysis mandated by our decision in *Adams*, 707 S.W.2d 900. We need not address this

Accordingly, the judgment of the court of appeals is reversed, and the trial court's judgments are affirmed.

CLINTON, J., dissents because in analyzing allegations of the indictment under decisions of this Court the Court of Appeals is essentially correct—ultimately it does come down to "perfectly legal activity."

Ricardo Alvarado, Odessa, for appellant.

R.C. "Eric" Augesen, Dist. Atty. & J. Roderick Price, Asst. Dist. Atty., Odessa, Robert Huttash, State's Atty., Austin, for the State.

ground since we hold the alleged defect in the indictments is one of "notice" and appellant has

waived any *Adams* error by his failure to file a motion to quash.