NUMBER 13-00-175-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


JAMES BOLING, Appellant,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 291st District Court of Dallas County,

Texas.

____________________________________________________________________


MEMORANDUM OPINION



Before Justices Hinojosa, Yañez, and Chavez


Memorandum Opinion by Justice Hinojosa




 As part of a plea agreement, appellant, James Boling, pleaded
guilty to the offense of sexual assault of a child.(1) The trial court found
him guilty and assessed his punishment at ten years imprisonment. 
The court then suspended the sentence and placed appellant on
community supervision for ten years. The State subsequently filed a
motion to revoke appellant's community supervision. The trial court
found appellant had violated the conditions of his community
supervision, revoked his community supervision, and ordered that
appellant serve his original sentence of ten years imprisonment. By two
points of error, appellant contends the trial court erred and abused its
discretion in his original conviction by failing to grant his motion to
suppress a videotape obtained from his residence documenting the
sexual assault. We dismiss this case for want of jurisdiction.

 Appellant did not appeal the trial court's denial of his motion to
suppress at the time he was found guilty and placed on community
supervision. Instead, appellant waited to appeal the conviction after the
trial court revoked his community supervision. 

 The right to appeal a conviction and punishment is accorded at the
time the defendant is placed on community supervision. Tex. Code
Crim. Proc. Ann. art. 42.12, § 23(b) (Vernon Supp. 2000); Whetstone v.
State, 786 S.W.2d 361, 363 (Tex. Crim. App. 1990). A defendant
whose community supervision is revoked may only appeal the
revocation. Tex. Code Crim. Proc. Ann. art. 42.12, § 23(b) (Vernon
Supp. 2000).



 Because appellant is not appealing the revocation of his
community supervision, we conclude we have no jurisdiction to
consider appellant's two points of error.

 We dismiss this appeal for want of jurisdiction.


 FEDERICO G. HINOJOSA

 Justice



Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this 

the 7th day of December, 2000.


1. Tex. Pen. Code Ann. § 22.011 (Vernon Supp. 2000).