In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-00-508 CR


____________________



BRENDA JOYCE BERNARD LANDRY, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 77928






OPINION


 Brenda Joyce Bernard Landry pleaded guilty to the state jail felony offense of
securing execution of document by deception. The trial court convicted Landry and
assessed a sentence of two years of confinement in a state jail facility. The trial court
suspended imposition of the sentence and on July 6, 1999, placed Landry on community
supervision for four years. On October 13, 2000, Landry pleaded "true" to allegations,
contained in the State's motion to revoke community supervision, that she failed to perform
community service and pay fees as ordered by the court. The trial court found those
allegations to be true, as well as additional allegations that Landry committed the criminal
offense of attempting to obtain a controlled substance by fraud and failure to report to the
community supervision officer. The trial court ordered Landry to serve her two year
sentence. 

 After appeal was perfected, appellate counsel filed a brief in compliance with
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and High v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978). The brief concludes that the record
presents no arguable error which would support an appeal, a conclusion with which we
concur. On July 19, 2001, Landry was given an extension of time in which to file a pro
se brief if she so desired. We received no response from the appellant.

 Issues relating to the conviction may be raised only in an appeal taken when
community supervision is originally imposed. See Whetstone v. State, 786 S.W.2d 361,
363 (Tex. Crim. App. 1990), overruled on other grounds by Gollihar v. State, 46 S.W.3d
243 (Tex. Crim. App. 2001). In the appeal of an order revoking community supervision,
the only question presented is whether the trial court abused its discretion in revoking the
appellant's community supervision. Jackson v. State, 645 S.W.2d 303, 305 (Tex. Crim.
App. 1983). Landry admitted to violating the conditions of continued community
supervision.

 We have reviewed the clerk's and the reporter's records, and find no arguable error
requiring us to order appointment of new counsel. Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991). Accordingly, we affirm the judgment.

 AFFIRMED.

 PER CURIAM


Submitted on October 22, 2001

Opinion Delivered October 31, 2001

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.