In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-190 CR 


NO. 09-01-191 CR


____________________



MINNIE ANNETTE COLEMAN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause Nos. 80286 and 82052






OPINION


 Minnie Annette Coleman pleaded guilty in Cause No. 80286 to the state jail felony
offense of theft of property of a value of $1,500 or more but less than $20,000. Tex. Pen.
Code Ann. § 31.03(a),(b),(e)(4) (Vernon Supp. 2001). In the same proceeding, Coleman
pleaded guilty in Cause No. 82052 to the state jail felony offense of possession of a
controlled substance, cocaine, in an amount less than one gram. Tex. Health & Safety
Code Ann. § 481.115(a),(b) (Vernon Supp. 2001). In each case, the trial court convicted
Coleman and assessed a sentence of two years of confinement in a state jail facility. The
trial court suspended imposition of the sentences and on December 18, 2000, placed
Coleman on community supervision for three years. On April 6, 2001, Coleman pleaded
"untrue" to allegations, contained in the State's motions to revoke community supervision,
that she committed the offenses of public intoxication and possession of a controlled
substance, cocaine, while on community supervision. The trial court found the allegation
regarding possession of a controlled substance to be true. The trial court ordered Coleman
to serve her two year sentences. 

 After the appeals were perfected, appellate counsel filed briefs in compliance with
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and High v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978). The briefs conclude that the records
present no arguable error that would support the appeals, a conclusion with which we
concur. On September 20, 2001, Coleman was given an extension of time in which to file
a pro se brief if she so desired. We received no response from the appellant.

 Issues relating to the conviction may be raised only in an appeal taken when
community supervision is originally imposed. See Whetstone v. State, 786 S.W.2d 361,
363 (Tex. Crim. App. 1990). In the appeal of an order revoking community supervision,
the only question presented is whether the trial court abused its discretion in revoking the
appellant's community supervision. Jackson v. State, 645 S.W.2d 303, 305 (Tex. Crim.
App. 1983). Testimony from Officer Aaron LeWallen and other witnesses supported the
State's allegation that Coleman violated the conditions of continued community supervision
by possessing a controlled substance. 

 We have reviewed the clerk's and the reporter's records, and find no arguable error
requiring us to order appointment of new counsel. Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991). Accordingly, we affirm the judgments.

 AFFIRMED.

 PER CURIAM


Submitted on December 31, 2001

Opinion Delivered January 9, 2002

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.