In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-392 CR


____________________



WADE LOUIS OWENS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 72946






MEMORANDUM OPINION


 Wade Louis Owens pleaded guilty to the second degree felony offense of burglary
of a habitation. See Tex. Pen. Code Ann. § 30.02(a)(1),(c)(2) (Vernon Supp. 2002). The
trial court convicted Owens, assessing a sentence of five years of confinement in the Texas
Department of Criminal Justice, Institutional Division, and a $1,000 fine, but suspended
imposition of the sentence. The trial court placed Owens on community supervision for
five years, beginning February 24, 1997. Owens later pleaded "true" to an alleged
violation of the community supervision order, and the trial court ordered Owens to serve
his sentence. 

 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967);
High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On March 21, 2002, Owens was
given an extension of time in which to file a pro se brief. We received no response from
the appellant. Because the appeal involves the application of well-settled principles of law,
we deliver this memorandum opinion. See Tex. R. App. P. 47.1.

 Issues relating to the conviction may be raised only in an appeal taken when
community supervision is originally imposed. See Whetstone v. State, 786 S.W.2d 361,
363 (Tex. Crim. App. 1990), overruled in part on other grounds by Gollihar v. State, 46
S.W.3d 243 (Tex. Crim. App. 2001). In the appeal of an order revoking community
supervision, the only question presented is whether the trial court abused its discretion in
revoking the appellant's community supervision. Jackson v. State, 645 S.W.2d 303, 305
(Tex. Crim. App. 1983). Owens admitted to violating the conditions of continued
community supervision. 

 We have reviewed the clerk's record and the reporter's record, and find no arguable
error requiring us to order appointment of new counsel. Compare Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991). The judgment is affirmed.

 AFFIRMED.

 PER CURIAM



Submitted on June 26, 2002

Opinion Delivered July 10, 2002

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.