COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

                                                                              )     

KENJI
DERRELL DAVIS,                                   )                    No. 
08-01-00255-CR

                                                                              )

Appellant,                          )                             Appeal from

                                                                              )     

v.                                                                           )                     282nd District Court

                                                                              )

THE STATE OF TEXAS,                                     )                 of Dallas County, Texas

                                                                              )

Appellee.                           )                     (TC# F-9754155-KS)

 

O
P I N I O N

 

Kenji
Derrell Davis appeals from his conviction for arson
following revocation of community supervision. 
The trial court reduced Appellant=s
sentence to a fine of $499.98 and imprisonment for a term of five years.  We dismiss the appeal for want of
jurisdiction.

FACTUAL AND PROCEDURAL SUMMARY








Appellant
waived his right to a jury trial and entered a negotiated plea of nolo contendere to
arson.  The trial court found Appellant
guilty, and pursuant to the plea bargain, assessed his punishment at a fine of
$500 and imprisonment for a term of ten years in the Texas Department of
Criminal Justice, Institutional Division, under the Special Alternative
Incarceration Program (SAIP or boot camp). 
See Tex.Code Crim.Proc.Ann.
art. 42.12, '
8 (Vernon Supp. 2002).  The trial
court imposed sentence on May 11, 1998, but retained jurisdiction pursuant to
Article 42.12, section 8.  Appellant did
not file a notice of appeal or motion for new trial related to that judgment.  Following Appellant=s
completion of the boot camp program, the trial court suspended the sentence on
August 26, 1998, and placed Appellant on community supervision for a term
of five years.  Appellant did not file a
notice of appeal or motion for new trial related to this order.  

Alleging
several violations of the terms and conditions of community supervision, the
State subsequently filed a motion to revoke. 
Appellant entered a negotiated plea of true to the allegations contained
in the motion to revoke.  Pursuant to the
plea bargain, the trial court reduced Appellant=s
sentence from ten years to five years, and reduced the fine from $500 to
$499.98.  

SUFFICIENCY
OF THE EVIDENCE

TO
SUPPORT THE ARSON CONVICTION

 

In
his sole point of error, Appellant challenges the sufficiency of the evidence
to support his plea of nolo contendere to the original charge of arson.  The State responds that we lack jurisdiction
to address this issue because Appellant=s
notice of appeal does not satisfy the notice requirements of Tex.R.App.P. 25.2.  While we do not necessarily disagree
with the State=s
argument, we find that we lack jurisdiction to address Appellant=s complaint for another reason.








Generally,
a defendant placed on Aregular@ community supervision may raise issues
relating to his conviction only in appeals taken when community supervision is
first imposed.  Manuel
v. State, 994 S.W.2d 658, 661 (Tex.Crim.App.
1999); Whetstone v. State, 786 S.W.2d 361, 363 (Tex.Crim.App.
1990), overruled on other grounds by Gollihar v.
State, 46 S.W.3d 243 (Tex.Crim.App. 2001).  Consequently, issues related to the
conviction, such as evidentiary sufficiency, may not be raised in appeals taken
after community supervision is revoked.  Manuel,
994 S.W.2d at 661. 
There are two recognized exceptions to this general rule, which are now
referred to as:  (1) the Avoid judgment@
exception; and (2) the Ahabeas
corpus@ exception.  See Nix v. State, 65
S.W.3d 664, 667 (Tex.Crim.App. 2001).  Neither exception applies here.

In
this case, the trial court imposed sentence on May 11, 1998, and through its
retention of jurisdiction under Article 42.12, section 8, the court suspended
the sentence and placed Appellant on regular probation on August 26, 1998.  At the very latest, Appellant=s complaint regarding the sufficiency
of the evidence to support his original conviction should have been raised in
an appeal from the August 26, 1998 order suspending his sentence and placing
him on community supervision.[1]  He is not permitted to raise it in the
context of this appeal.  Appellant raises
no points of error related to the order revoking community supervision.  Because Appellant did not appeal his
conviction until after his community supervision was revoked, his appeal is
untimely.  See Tex.R.App.P. 
26.2(a)(1); Manuel, 994 S.W.2d at
662.  Accordingly, we dismiss the appeal
for want of jurisdiction.

 

August 1, 2002

                                                                         

ANN CRAWFORD McCLURE, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
 An
argument can be made that the appeal from the conviction actually should have
been taken from the May 11, 1998 judgment imposing the original ten year
sentence.  It is unnecessary for us to
resolve this issue as Appellant did not appeal from either the original
judgment or the subsequent order suspending his sentence.