In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-522 CR


____________________



RICHARD FREDERICK SLAYMAKER, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 69012






MEMORANDUM OPINION


 Richard Frederick Slaymaker pleaded guilty to the third degree felony offense of
driving while intoxicated, third offense. The trial court convicted Slaymaker, assessing
a sentence of six years of confinement in the Texas Department of Criminal Justice,
Institutional Division, and a $1,000 fine, but suspended imposition of the sentence. The
trial court placed Slaymaker on community supervision for six years, beginning June 26,
1995. Slaymaker later pleaded "true" to two alleged violations of the community
supervision order, and the trial court ordered Slaymaker to serve five years of his
sentence. 

 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967);
High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On April 18, 2002, Slaymaker
was given an extension of time in which to file a pro se brief. We received no response
from the appellant. Because the appeal involves the application of well-settled principles
of law, we deliver this memorandum opinion. See Tex. R. App. P. 47.1.

 Issues relating to the conviction may be raised only in an appeal taken when
community supervision is originally imposed. See Whetstone v. State, 786 S.W.2d 361,
363 (Tex. Crim. App. 1990), overruled in part on other grounds by Gollihar v. State, 46
S.W.3d 243 (Tex. Crim. App. 2001). In the appeal of an order revoking community
supervision, the only question presented is whether the trial court abused its discretion in
revoking the appellant's community supervision. Jackson v. State, 645 S.W.2d 303, 305
(Tex. Crim. App. 1983). Slaymaker admitted to violating the conditions of continued
community supervision. Lack of due diligence in apprehending the defendant was not
raised at trial. See Peacock v. State, 77 S.W.3d 285 (Tex. Crim. App. 2002). 

 We have reviewed the clerk's record and the reporter's record, and find no arguable
error requiring us to order appointment of new counsel. Cf. Stafford v. State, 813 S.W.2d
503, 511 (Tex. Crim. App. 1991). The judgment is affirmed.

 AFFIRMED.

 PER CURIAM


Submitted on August 13, 2002

Opinion Delivered August 28, 2002

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.