In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-213 CR


____________________



WILLIE ANTHONY MCMICHAEL, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 78812






MEMORANDUM OPINION


 Willie Anthony McMichael pleaded guilty to the state jail felony offense of
recklessly causing injury to a child. Tex. Pen. Code Ann. § 22.04(a)(3),(f) (Vernon
Supp. 2003). The trial court convicted McMichael assessing a sentence of two years of
confinement in the Texas Department of Criminal Justice, State Jail Division, and a $1000
fine, but suspended imposition of the sentence. The trial court placed McMichael on
community supervision for five years, beginning November 8, 1999. After finding that
McMichael failed to report to his community supervision officer, left the county without
permission, changed addresses without notifying the probation department, and failed to
complete the anger management program as ordered by the court, the trial court entered
a revocation order and imposed a sentence of two years of confinement in a state jail
facility. 

 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967);
High v. State, 573 S.W.2d 2d 807 (Tex. Crim. App. 1978). On September 19, 2002,
McMichael was given an extension of time in which to file a pro se brief. We received no
response from the appellant. Because the appeal involves the application of well-settled
principles of law, we deliver this memorandum opinion. See Tex. R. App. P. 47.4.

 Issues relating to the conviction may be raised only in an appeal taken when
community supervision is originally imposed. See Whetstone v. State, 786 S.W.2d 361,
363 (Tex. Crim. App. 1990), overruled in part on other grounds by Gollihar v. State, 46
S.W.3d 243 (Tex. Crim. App. 2001). In the appeal of an order revoking community
supervision, the only question presented is whether the trial court abused its discretion in
revoking the appellant's community supervision. Jackson v. State, 645 S.W.2d 303, 305
(Tex. Crim. App. 1983). McMichael pleaded "true" to four allegations contained in the
State's motion to revoke. The trial court acted within its discretion. 

 We have reviewed the clerk's record and the reporter's record, and find no arguable
error requiring us to order appointment of new counsel. Compare Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991). The judgment is affirmed.

 AFFIRMED.

 PER CURIAM

Submitted on January 2, 2003

Opinion Delivered January 15, 2003 

Do Not Publish


Before McKeithen, C.J., Burgess and Gaultney, JJ.