In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-214 CR


____________________



TIMOTHY WAYNE DAIGLE, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 83599






MEMORANDUM OPINION


 Timothy Wayne Daigle pleaded guilty to the state jail felony offense of burglary of
a building. Tex. Pen. Code Ann. § 30.02(a)(1) (Vernon Supp. 2003). The trial court
convicted Daigle, assessing a sentence of two years of confinement in the Texas
Department of Criminal Justice, State Jail Division, and a $200 fine, but suspended
imposition of the sentence. The trial court placed Daigle on community supervision for
four years, beginning June 25, 2001. After finding that Daigle failed to report to his
community supervision officer and failed to pay fees, the trial court entered a revocation
order and imposed a sentence of eighteen months of confinement in a state jail facility. 

 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967);
High v. State, 573 S.W.2d 2d 807 (Tex. Crim. App. 1978). On September 12, 2002,
Daigle was given an extension of time in which to file a pro se brief. We received no
response from the appellant. Because the appeal involves the application of well-settled
principles of law, we deliver this memorandum opinion. See Tex. R. App. P. 47.4.

 Issues relating to the conviction may be raised only in an appeal taken when
community supervision is originally imposed. See Whetstone v. State, 786 S.W.2d 361,
363 (Tex. Crim. App. 1990), overruled in part on other grounds by Gollihar v. State, 46
S.W.3d 243 (Tex. Crim. App. 2001). In the appeal of an order revoking community
supervision, the only question presented is whether the trial court abused its discretion in
revoking the appellant's community supervision. Jackson v. State, 645 S.W.2d 303, 305
(Tex. Crim. App. 1983). Daigle pleaded "true" to two allegations contained in the State's
motion to revoke. The trial court acted within its discretion. 

 We have reviewed the clerk's record and the reporter's record, and find no arguable
error requiring us to order appointment of new counsel. Compare Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991). The judgment is affirmed.

 AFFIRMED.

 PER CURIAM


Submitted on January 2, 2003

Opinion Delivered January 15, 2003 

Do Not Publish


Before McKeithen, C.J., Burgess and Gaultney, JJ.