In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-492 CR


____________________



RAYMOND LEE ALLEN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 83817






MEMORANDUM OPINION


 Raymond Lee Allen pleaded guilty to the state jail felony offense of delivery of a
controlled substance. Tex. Health & Safety Code Ann. § 481.112 (Vernon 2003). The
trial court convicted and sentenced Allen to two years of confinement in the Texas
Department of Criminal Justice, State Jail Division. In a subsequent proceeding, the trial
court suspended imposition of the sentence and placed Allen on community supervision for
five years, beginning November 13, 2001. On September 16, 2002, Allen pleaded true
to allegations that he violated the terms of the community supervision order. The trial
court entered a revocation order and imposed a sentence of eighteen months of
confinement in a state jail facility. 

 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967);
High v. State, 573 S.W.2d 2d 807 (Tex. Crim. App. 1978). On March 20, 2003, Allen
was given an extension of time in which to file a pro se brief. We received no response
from the appellant. Because the appeal involves the application of well-settled principles
of law, we deliver this memorandum opinion. See Tex. R. App. P. 47.4.

 Issues relating to the conviction may be raised only in an appeal taken when
community supervision is originally imposed. See Whetstone v. State, 786 S.W.2d 361,
363 (Tex. Crim. App. 1990), overruled in part on other grounds by Gollihar v. State, 46
S.W.3d 243 (Tex. Crim. App. 2001). In the appeal of an order revoking community
supervision, the only question presented is whether the trial court abused its discretion in
revoking the appellant's community supervision. Jackson v. State, 645 S.W.2d 303, 305
(Tex. Crim. App. 1983). Allen pleaded "true" to three allegations contained in the State's
motion to revoke. The trial court acted within its discretion. 

 We have reviewed the clerk's record and the reporter's record, and find no arguable
error requiring us to order appointment of new counsel. Compare Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991). The judgment is affirmed.

 AFFIRMED.

 PER CURIAM


Submitted on June 30, 2003

Opinion Delivered July 16, 2003

Do Not Publish


Before McKeithen, C.J., Burgess and Gaultney, JJ.