11th Court of Appeals
Eastland, Texas
Opinion
 
Jerry Bruce Gordon
            Appellant
Vs.                  Nos. 11-02-00182-CR, 11-02-00183-CR, 11-02-00184-CR, 
                        & 11-02-00185-CR -- Appeals from Erath County

State of Texas
            Appellee
 
            In Cause Nos. 11-02-00182-CR and 11-02-00184-CR, Jerry Bruce Gordon appeals the trial
court’s orders revoking his community supervision. In Cause Nos. 11-02-00183-CR and 11-02-00185-CR, appellant appeals the trial court’s orders denying his application for writ of habeas
corpus. We affirm.
             In Cause No. 11-02-00182-CR, appellant pleaded guilty to the offense of theft of the value
of $750 or more, but less than $20,000. On May 3, 1993, the trial court deferred the adjudication
of guilt, placed appellant on community supervision for 5 years, and assessed a $1,000 fine. On
December 15, 1994, the State filed a motion to adjudicate guilt. On March 9, 1995, the trial court
entered an order amending the terms of appellant’s deferred adjudication. The order extended
appellant’s community supervision an additional 2 years for a total of 7 years. On October 31, 1995,
the State filed its second amended motion to adjudicate guilt. On November 6, 1995, the trial court
revoked appellant’s community supervision, adjudicated his guilt, and assessed his punishment at
confinement for 10 years and a $1,000 fine. The trial court suspended the imposition of the
confinement portion of the sentence and placed appellant on “regular” community supervision for
10 years. 
            In Cause No. 11-02-00184-CR, appellant pleaded guilty to the offense of falsely holding
oneself out as a lawyer. On January 6, 1997, the trial court convicted appellant of falsely holding
oneself out as a lawyer and sentenced appellant to 10 years confinement and a $1,000 fine. The trial
court suspended the imposition of the confinement portion of the sentence and placed appellant on
community supervision for 10 years. On that same day, the trial court amended the terms and
conditions of appellant’s community supervision in Cause No. 11-02-00182-CR to include 2 new
conditions. On August 13, 1997, the State filed motions to revoke appellant’s community
supervision in both cause numbers. The record shows that appellant left the country in 1997. The
State tried to have appellant returned to the United States in late 2001 and early 2002.
            On March 7, 2002, the State filed amended motions to revoke in both cause numbers. On
March 25, 2002, appellant filed an application for writ of habeas corpus in both the theft conviction,
Cause No. 11-02-00183-CR, and the falsely holding oneself out as a lawyer conviction, Cause No.
11-02-00185-CR. On May 20, 2002, the trial court held a hearing on both of appellant’s applications
for writ of habeas corpus and, that same day, a hearing on the State’s motions to revoke appellant’s
community supervision in both cause numbers. The trial court denied appellant’s applications for
writ of habeas corpus in both cause numbers. In both cause numbers, the trial court found that
appellant had violated the terms and conditions of his community supervision, revoked his
community supervision, and sentenced him to 10 years confinement. Appellant appeals from the
trial court’s orders denying his application for writ of habeas corpus and from the judgments
revoking his community supervision. 
            Appellant brings the same two points of error in each of the four cause numbers. Appellant
first argues that he received ineffective assistance of counsel “at the time of his pleas of guilty and
the adjudication of his guilt on his theft probation.” In reviewing claims of ineffective assistance of
counsel, we employ the standard of review set out in Strickland v. Washington, 466 U.S. 668 (1984). 
When a defendant challenges the voluntariness of a plea entered upon the advice of counsel,
contending that his counsel was ineffective, the voluntariness of the plea depends on (1) whether
counsel’s advice was within the range of competence demanded of attorneys in criminal cases and
if not, (2) whether there is a reasonable probability that, but for counsel’s errors, he would not have
pleaded guilty and would have insisted on going to trial. Ex parte Moody, 991 S.W.2d 856, 857-58
(Tex.Cr.App.1999). As with other types of ineffective assistance of counsel claims, appellant has
the burden to show, by a preponderance of the evidence, that counsel’s performance fell below a
reasonable standard of competence and that appellant would, with reasonable probability, have
pleaded not guilty and insisted on going to trial had he been properly advised. Ex parte Moody,
supra. In addition, appellant also has the burden to prove that his trial counsel’s actions were not
the result of sound trial strategy. Stafford v. State, 813 S.W.2d 503, 508-09 (Tex.Cr.App.1991).
Cause Nos. 11-02-00182-CR & 11-02-00183-CR
            Appellant contends that he received ineffective assistance of counsel because he “agreed to
have his guilt adjudicated” based upon the new offense of falsely holding oneself out to be a lawyer. 
Appellant argues that, in its motion to adjudicate, the State alleged that appellant violated the terms
and conditions of his community supervision by committing the offense of falsely holding oneself
out to be a lawyer. However, the record indicates that appellant’s guilt had already been adjudicated
prior to the allegations of the offense of falsely holding oneself out to be a lawyer. Appellant’s
adjudication of guilt was not based upon that offense. The record shows that, at the time appellant
pleaded guilty to the offense of falsely holding oneself out to be a lawyer, the terms and conditions
of his “regular” community supervision were amended. Appellant has not shown that he received
ineffective assistance of counsel at the time his guilt was adjudicated. The trial court did not abuse
its discretion in overruling appellant’s application for writ of habeas corpus on the ground that he
received ineffective assistance of counsel. See Ex parte Okere, 56 S.W.3d 846 (Tex.App. - Fort
Worth 2001, pet’n ref’d).
Cause Nos. 11-02-00184-CR & 11-02-00185-CR
            Appellant contends that he received ineffective assistance of counsel because his trial counsel
allowed him to plead guilty when his conduct did not meet the elements of falsely holding oneself
out to be a lawyer. A defendant placed on “regular” community supervision may raise issues relating
to the conviction only in appeals taken when community supervision is originally imposed. Manuel
v. State, 994 S.W.2d 658, 661 (Tex.Cr.App.1999); Whetstone v. State, 786 S.W.2d 361, 363
(Tex.Cr.App.1990). Because appellant is challenging his original plea of guilty upon revocation of
his community supervision, we do not consider his argument on appeal in Cause No. 11-02-00184-CR that he received ineffective assistance of counsel. See Jordan v. State, 54 S.W.3d 783
(Tex.Cr.App.2001). 
            In Cause No. 11-02-00185-CR, appellant appeals from the trial court’s order denying his
application for writ of habeas corpus. In his application for writ of habeas corpus filed pursuant to
TEX. CODE CRIM. PRO. ANN. art. 11.08 (Vernon 1977), appellant challenged the voluntariness
of his guilty plea stating that he received ineffective assistance of counsel. Nothing prevents the
probationer from filing an Article 11.08 writ application after the State has filed a motion to revoke,
and nothing prevents the trial court from considering the application along with the State’s motion
to revoke probation. Jordan v. State, supra. We therefore, consider appellant’s complaint in Cause
No. 11-02-00185-CR that he received ineffective assistance of counsel at the time he pleaded guilty
to the offense of falsely holding oneself out as a lawyer. 
            A person commits the offense of falsely holding oneself out as a lawyer if, “with intent to
obtain an economic benefit for himself or herself, the person holds himself or herself out as a
lawyer.” TEX. PENAL CODE ANN. § 38.122(a) (Vernon 2003). The record shows that appellant
wrote a letter to one of his creditors and signed the name of the attorney representing him at that
time. The letter indicated that appellant had a “strong case” in his suit against an electric
cooperative. The trial court heard testimony that appellant wrote the letter in an effort to persuade
the creditor to delay its collection attempts. Appellant argues that his conduct did not meet the
elements of falsely holding oneself out to be a lawyer but, rather, that he forged his attorney’s
signature.
            In its response to appellant’s application for writ of habeas corpus, the State included an
affidavit of the counsel who represented appellant at the time of his plea. In the affidavit, appellant’s
counsel stated that he “carefully” discussed defense strategies with appellant. The affidavit stated
that appellant was “emphatic in his instructions to negotiate a plea agreement which would ensure
that he remained on probation in [Cause No. 11-02-00182-CR] and receive probation in [Cause No.
11-02-00184-CR].” In the affidavit, appellant’s counsel stated that appellant did not want any
defense strategy that involved a risk of going to prison. Appellant’s counsel felt he could only
guarantee that appellant would avoid prison by entering into a “package deal.” Appellant’s counsel
stated that appellant confessed to facts which counsel believed satisfied the elements of falsely
holding oneself out as a lawyer. 
            The record shows that appellant wrote a letter in which he claimed to be an attorney in an
effort to delay his creditor’s collection attempts. Appellant instructed his attorney to negotiate a plea
agreement so that he would not have to go to prison. Appellant’s attorney believed that appellant’s
actions met the elements of the offense, and he negotiated a plea pursuant to appellant’s instructions. 
Appellant has not shown that he received ineffective assistance of counsel. The trial court did not
abuse its discretion in overruling appellant’s writ of habeas corpus. Ex parte Okere, supra.
            Appellant next argues that he was not “competent to enter his plea of guilty (and true), nor
to effectively assist his trial counsel.” TEX. CODE CRIM. PRO. ANN. art. 46.02, § 1A(a) (Vernon
Pamph. Supp. 2003) provides that a person is incompetent to stand trial if he does not have:
            (1) sufficient present ability to consult with the person’s lawyer with a
reasonable degree of rational understanding; or
 
            (2) a rational as well as factual understanding of the proceedings against the
person.
 
            The record shows that appellant was examined by a psychologist, Dr. Swen Helge, on June
21, 1996, and July 12, 1996. At that time, appellant was charged with the offense of falsely holding
oneself out as a lawyer. Appellant’s counsel at that time referred appellant to Dr. Helge in an
attempt to obtain evidence that would allow appellant to receive community supervision rather than
incarceration. Prior to the hearings on the State’s motions to revoke appellant’s community
supervision and appellant’s application for writ of habeas corpus on May 20, 2002, appellant had
two different psychologists, Dr. William Eull and Dr. Robert Lovitt, review Dr. Helge’s findings. 
Appellant argues on appeal that he was not competent to enter his plea of guilty in Cause No. 11-02-00184-CR and his plea of true in Cause No. 11-02-00182-CR based upon the findings of Dr.
Eull and Dr. Lovitt.
Cause Nos. 11-02-00182-CR & 11-02-00183-CR
            Dr. Helge conducted his psychological examination of appellant prior to appellant pleading
guilty to the offense of falsely holding oneself out as a lawyer on January 6, 1997. At the time
appellant pleaded guilty to falsely holding oneself out as a lawyer, the terms and conditions of his
community supervision in Cause. No. 11-02-00182-CR were amended. Appellant did not enter a
plea of “true” in relation to Cause No. 11-02-00182-CR at the time he pleaded guilty to the offense
of falsely holding oneself out to be a lawyer. Therefore, the record does not support appellant’s
argument that he was incompetent to enter a plea of “true”at that time. Moreover, there is nothing
in the record to show that appellant was incompetent to stand trial at the time he entered his original
plea of guilty to the offense of theft in Cause No. 11-02-00182-CR. Appellant has not shown that
the trial court erred in revoking his community supervision or in denying his application for writ
of habeas corpus.
Cause Nos. 11-02-00184-CR & 11-02-00185-CR
            Dr. Helge stated in his 1996 report that appellant was competent to stand trial. Dr. Lovitt
testified at the hearing on appellant’s application for writ of habeas corpus that he reviewed Dr.
Helge’s report and also the tests Dr. Helge conducted. Dr. Lovitt did not personally examine
appellant. Dr. Lovitt stated that, at the time appellant pleaded guilty, appellant was “under a series
of stressors.” Dr. Lovitt said that appellant’s judgment was “clearly compromised at the time.” Dr.
Lovitt testified that appellant needed “intensive, personal therapy.” Dr. Lovitt stated that he did
not know if appellant was competent at the time he entered his plea. Dr. Eull’s report does not
provide any evidence that appellant was incompetent at the time he entered his plea. 
            The trial court noted that it did not order Dr. Helge to evaluate appellant to determine his
competency to stand trial. The trial court found that appellant’s attorney at that time had appellant
examined for “mitigation purposes.” In its findings, the trial court noted that appellant had
appeared before the court on several occasions and that each time appellant was oriented as to time
and place, was able to answer questions, and was able to assist his counsel. Appellant has not
shown that he was incompetent to stand trial at the time he entered his plea of guilty. The trial court
did not err in revoking appellant’s community supervision or in denying his application for writ of
habeas corpus. We have considered all of appellant’s contentions on appeal and all are overruled.
            The judgments of the trial court are affirmed.
 
                                                                                                PER CURIAM
November 26, 2003
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.