IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 1543-02, 1545-02






GHOLAMERZA GHARBI, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE ELEVENTH COURT OF APPEALS


DALLAS COUNTY






 Meyers, J., filed a concurring opinion in which Cochran, J., joined.


CONCURRING OPINION 



 I agree with the majority that this is an issue of evidentiary sufficiency rather than a
variance issue as discussed by the Court of Appeals. 

 A variance occurs when the State proves the commission of a crime in a manner that
varies from the allegations in the charging instrument. See Gollihar v. State, 46 S.W.3d
243, 254-255 (Tex. Crim. App, 2001) (immaterial variance between the indictment and the
proof at trial); Malik v. State, 953 S.W.2d 234 (Tex. Crim. App. 1997) (variance between
the charging instrument and the jury charge). In this case, a variance would have occurred
if, for example, the charging instrument alleged that appellant violated the order protecting
Ivana by going to her daycare, but at trial the State instead proved that appellant violated the
order by communicating with Ivana in a threatening manner or by possessing a firearm. In
such a situation, evidence that the defendant possessed a firearm, while that would indeed
be a violation of a protective order, would not be sufficient to prove the allegation in the
charging instrument that appellant violated the order by going to the daycare. Because this
is not the situation in the case before us, appellant's variance arguments must fail.

 The charging instrument alleges that appellant violated the order protecting Ivana by
going to the residence of Evelyn (who also happens to be a protected person-a fact not
necessary to the allegation). Under Texas Penal Code Section 25.07(a)(3)(B), appellant
was in violation of the order protecting Ivana when he went to the residence of Evelyn
(whether or not she was indeed a protected individual) because it is the residence where the
child protected by the order normally resides.

 Whatever the status of Evelyn, the elements of the offense that were required to be
proven at trial are: there was a valid order protecting Ivana; Ivana normally resided at the
residence of Evelyn (her mother); and appellant intentionally and knowingly went to or near
the residence of Evelyn. As a result, the evidence introduced at trial (Ivana's protective
order) was sufficient to prove that she was a protected individual who resides at the home
of her mother, Evelyn. This, coupled with Evelyn's testimony that appellant came to her
residence, is sufficient to support the findings of the triers of fact (a judge in the first trial
and a jury in the second) that appellant violated the order protecting Ivana on two separate
occasions. 

 The language describing Evelyn as "a protected person" may be surplusage. See
Whetstone v. State, 786 S.W.2d 361, 364 (Tex. Crim. App. 1990) ("allegations which are
not essential to constitute the offense, and which might be entirely omitted without
affecting the charge against the defendant, and without detriment to the indictment, are
treated as mere surplusage.") If Ivana normally resided with a family friend named Joe Bob
and appellant had gone to Joe Bob's house, then the charging instrument would have said
that appellant unlawfully went to the residence of Joe Bob, a family friend, in violation of
the order protecting Ivana. The prosecution would not be required to offer evidence at trial
that Joe Bob was indeed a family friend because it is not an element of the offense and it is
not necessary to the allegation that appellant violated the order protecting Ivana. Thus, the
fact that the charging instrument superfluously adds the fact that Evelyn was also a
protected individual does not mean that must be proven at trial. However, even if the
"protected person" language is not surplusage and must be proven at trial, introduction of
the actual Evelyn protective order is not the only method by which the State can prove
Evelyn's status as a protected individual. The record indicates that the State attempted to
introduce both protective orders but the trial court required the prosecutor to choose only
one to enter into evidence. The prosecution entered the Ivana protection order, the one that
was specifically described in the information. The State then elicited testimony from
Evelyn, as well as the police officers, who testified that she too was a protected person. 
The testimony of the police officers, that they had investigated the violations and had
ascertained that there were valid orders protecting both Evelyn and Ivana, would be
sufficient to prove Evelyn's status as a protected individual if that fact was necessary to the
allegation in the charging instrument. 

 With these comments, I join the judgment of the Court.

 Meyers, J.


Filed: December 17, 2003

Publish