NO. 07-12-0310-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 5, 2013

_____

LEROY SCOTT ROACH,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 26TH DISTRICT COURT OF WILLIAMSON COUNTY;

NO. 11-012-K26; HONORABLE BILLY RAY STUBBLEFIELD, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Leroy Scott Roach was adjudicated guilty of assault on a family member and sentenced to thirty years imprisonment and assessed a fine of $5,000. The trial court initially deferred the adjudication of his guilt and placed him on community supervision. Thereafter, the State moved the court to adjudicate guilt, which the trial court did. Now appellant asserts that the trial court erred in permitting the State to amend one of the allegations in its motion to adjudicate. We affirm the judgment.

Among other things, the State alleged, in its motion to adjudicate, that "[o]n or about the 21st day of May, 2011, . . . the [appellant] intentionally, knowingly or recklessly caused bodily injury to Lorraine Anna Cortez, a member of the defendant's family or household, or a person with whom the defendant had a dating relationship, by impeding the normal breathing or circulation of the blood **of the** [sic] by applying pressure to her throat or neck by blocking her nose or mouth." (Emphasis added.) At the commencement of the hearing on the motion, the State sought permission to remove the highlighted words "of the." Appellant objected on the basis that it constituted an amendment and that the allegation failed to give him notice of whose breathing or circulation had been impeded.[1]

Surplusage is unnecessary language that is not legally necessary to constitute the offense in the charging instrument. *Whetstone v. State,* 786 S.W.2d 361, 364 (Tex. Crim. App. 1990). Its removal from the instrument is not prohibited unless it describes an element of the offense. *Curry v. State,* 30 S.W.3d 394, 399 (Tex. Crim. App. 2000).

Next, when the State seeks to revoke probation because the defendant allegedly committed another offense, it need not describe the offense within its motion with the same specificity applicable to averring an offense in an indictment. *See Bradley v. State,* 608 S.W.2d 652, 655 (Tex. Crim. App. 1980). Here, the only language being deleted is "of the" which is not in itself an element of the offense. With the language deleted, the allegation is that appellant impeded the normal breathing or circulation of the blood by applying pressure to her throat or neck by blocking her nose or mouth. Each reference to "her" clearly refers to Lorraine Cortez and thus, the deleted language

---

[1]Such a contention leads one to wonder whether there were others whom he tried to injure on the same day via the same method.

necessarily refers to the circulation of Lorraine's blood, is mere surplusage, and is not descriptive of an element. Simply put, the accusation was more than ample to afford appellant fair notice of the offense alleged and whom he tried to injure.

More importantly, it matters not to the disposition of this appeal whether the trial court's decision at issue was right or wrong. This is so because the State alleged and the trial court found that appellant violated numerous conditions of his community supervision. None of the findings, other than that addressed above, have been questioned here. Given that one ground is sufficient to support the adjudication of appellant's guilt, *Moore v. State,* 605 S.W.2d 924, 926 (Tex. Crim. App. 1980), appellant's conviction must stand irrespective of any complaint regarding the one amended allegation.

Accordingly, the judgment is affirmed.


Brian Quinn
Chief Justice


Do not publish.