**Roy Dean PENNY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58102.**

Court of Criminal Appeals of Texas, Panel No. 2.

May 31, 1978.

Rehearing en banc Denied June 28, 1978.

James H. Kreimeyer, Belton, for appellant.

Arthur C. Eads, Dist. Atty., and James T. Russell, Asst. Dist. Atty., Belton, for the State.

Before ONION, P. J., and DALLY and VOLLERS, JJ.

OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation. On August 9, 1976 appellant entered a guilty plea before the court to the offense of felony theft, and his punishment was assessed at six (6) years' confinement and a fine of $350.00. He was, however, placed on probation subject to certain conditions.

On October 12, 1977 the State filed a motion to revoke probation alleging the commission of the offense of the unauthorized use of a motor vehicle and the failure to report to the probation officer. On November 1, 1977 the court revoked probation on the basis of the alleged commission of a penal offense. Sentence was imposed and notice of appeal was given.

On appeal appellant contends only that the indictment upon which appellant was convicted of theft is fatally defective in that it failed to allege the offense of theft under the Penal Code in effect on July 19, 1975, the date the offense was shown to have occurred.

■ Upon an appeal from an order revoking probation, attacks upon the original indictment have been permitted where it

claimed the indictment is fundamentally defective. See *Ramirez v. State,* 486 S.W.2d 373 (Tex.Cr.App.1972); *Standley v. State,* 517 S.W.2d 538 (Tex.Cr.App.1975). Therefore, we shall entertain appellant's contention.

■ Appellant argues that V.T.C.A., Penal Code, § 31.03, in effect on July 19, 1975, prohibited the *obtaining* of property unlawfully or the *exercising of control,* other than real property, unlawfully. He points out that the Legislature amended § 31.03, effective September 1, 1975, to re-define theft as the unlawful *appropriation* of property with intent to deprive the owner of property.

Appellant contends the indictment was drafted in the terms of the amendment rather than the terms of § 31.03 in effect at the time of the commission of the offense.

Omitting the formal parts, the indictment, returned on August 4, 1976, alleged the appellant:

". . . did then and there, intentionally and knowingly, unlawfully *appropriate* property, to-wit: Twelve (12) Motor Vehicle Tires of the value of $200.00 or more, but less than $10,000.00 from Joe Doehring without the effective consent of the owner, Joe Doehring and with intent to deprive the said owner of said property. . . ." (Emphasis supplied.)

The State readily admits that the indictment was drafted in the terms of the amendment to § 31.03 rather than in the terms of said section in effect at the time of the offense, but contends the indictment is not fundamentally defective.

*Reynolds v. State,* 547 S.W.2d 590 (Tex. Cr.App.1977), sets out the four different sets of possible elements for the offense of theft under § 31.03 prior to the amendment. *Hughes v. State,* 561 S.W.2d 8 (Tex.Cr.App. 1978), sets out the two different sets of possible elements under § 31.03, as amended. In comparing the elements of the offense under the original version of § 31.03 with the 1975 amendment thereto, it is observed that the elements are almost identical except that under the original version whether an accused "obtained" property or

"exercised control over" the property was alleged whereas under the current amendment it is alleged the accused "appropriated."

V.T.C.A., Penal Code, § 31.01(5), provided:

" 'Obtain' means to bring about a transfer or purported transfer of a non-possessory interest in property, whether to the actor or another."

The 1975 amendment to § 31.01(5) provides:

" 'Appropriate' means:

"(A) to bring about a transfer or purported transfer of title to or other non-possessory interest in property, whether to the actor or another; or

"(B) to acquire or otherwise exercise control over property other than real property."

One net effect of the 1975 amendments to said § 31.01(5) and § 31.03 was to substitute the term "appropriate" for the terms "obtain" and "exercising control over."

In viewing the definitions, it is clear that appellant was apprised that he was charged with "obtaining" or "exercising control over" property when the term "appropriated" was alleged.

There was no motion to quash the indictment, and we conclude it is not fundamentally defective.

The judgment is affirmed.