Gabriel Thomas RAMIREZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–98–349–CR.

Court of Appeals of Texas,
Waco.

Jan. 10, 2001.

Charles W. McDonald, Waco, for Appellant.

John W. Segrest, McLennan County District Attorney, Laura M. Alaniz and James F. Wiley, McLennan County Asst. District Attorneys, for Appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION ON REHEARING [1]

GRAY, Justice.

Gabriel Thomas Ramirez shot three people. One died. He was tried for murder. While the jury was engaged in extended deliberations, he decided to make a deal with the State. In return for a guilty plea, he received deferred adjudication and was placed on ten years of community supervision.

The State brought a motion to adjudicate guilt for driving while intoxicated, consumption of alcohol, violation of curfew and the failure to pay certain fees and costs. He pled true to having consumed alcohol and "untrue" to the other grounds. The trial court found he had violated all the grounds other than driving while intoxicated. The trial court then found Ramirez guilty of murder and sentenced him to 20 years in prison. By nine issues Ramirez appeals his conviction and sentence.

### DOUBLE JEOPARDY

In issues one and two he complains that the conviction and sentence are void because they are in violation of the prohibition against the double jeopardy clause of the Texas and United States Constitutions. Ramirez contends that because jeopardy had attached in the original trial and the jury was engaged in deliberations the proceeding could not then shift to a plea bargain and deferred adjudication without declaring a mistrial. He contends the plea bargain was, therefore, void. The State contends we cannot consider any error alleged to have occurred at the time of the initial plea agreement in 1993.

### NON JURISDICTIONAL DEFECTS

Ramirez relies on *David* to support the contention that he can present an issue

that occurred at the time of the plea bargain and deferral of adjudication in connection with an appeal of an adjudication of guilt. *David v. State*, 704 S.W.2d 766 (Tex.Crim.App.1985). This reliance is misplaced. In 1987, the Legislature enacted Article 44.01(j) of the Code of Criminal Procedure which made it necessary to appeal complaints about the proceeding which resulted in a deferral of adjudication in the same manner as if guilt had been determined. Tex.Code Crim.Proc.Ann. art. 44.01(j) (Vernon Pamp.2001). The Court of Criminal Appeals has specifically held that "... a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision is first imposed." *Manuel v. State*, 994 S.W.2d 658, 661–662 (Tex.Crim.App.1999).

Thus, assuming that double jeopardy is a non-jurisdictional defect, and assuming that *Manuel* distinguishes between jurisdictional and non-jurisdictional complaints, Ramirez's complaint had to be made at the time he was placed on deferred adjudication. Of course, if the conviction is void for a reason other than jurisdiction, habeas corpus relief would still be available to Ramirez.

The question of whether double jeopardy is a jurisdictional defect has not been decided by this Court, and the Court of Criminal Appeals has declined to grant a petition for discretionary review on this issue.[2] *Harrison v. State*, 767 S.W.2d 803, 804 n. 1 (Tex.Crim.App.1989). The Texas courts of appeals are split on the issue. The Austin court has determined that until the Court of Criminal Appeals holds otherwise, it will treat double jeopardy claims as non-jurisdictional errors. *Berrios–Torres v. State*, 802 S.W.2d 91, 94 (Tex.App.—

1. We granted rehearing on our own motion.

2. The staff of the Court has, however, generally described jeopardy issues as non-jurisdictional errors in the context of writs of habeas corpus proceedings. *See* John G. Jasuta, Cath-

Erine Greene Burnett & Richard Wetzel, Texas Criminal Writ Practice 99–100 (Jeanne Bradley (Kitchens) & Joel Menachim Shearer eds., International Publishing Company 1997).

Austin 1990, no pet.); *Yount v. State*, No. 03–96–00565–CR, 1998 WL 3205 (Tex. App.—Austin January 8, 1998, no pet.)(not designated for publication). On the other hand, Corpus Christi, Dallas and both Houston courts of appeals have determined that double jeopardy is a jurisdictional defect. *Okigbo v. State*, 960 S.W.2d 923 (Tex.App.—Houston [1st Dist.] 1998, pet. ref'd); *Cole v. State*, 776 S.W.2d 269 (Tex.App.—Houston [14th Dist.] 1989, no pet.); *Rodriguez v. State*, 750 S.W.2d 906 (Tex.App.—Corpus Christi 1988, pet. ref'd); *Harrison v. State*, 721 S.W.2d 904 (Tex.App.—Dallas 1986), *vacated and remanded on other grounds*, 767 S.W.2d 803 (Tex.Crim.App.1989).

The Dallas Court in *Harrison*, which appears to be the first Texas authority to discuss this issue, cited to other states which have determined that double jeopardy is a jurisdictional defect. However, at least one other state has determined that double jeopardy is not a jurisdictional issue. *See Lowther v. Maxwell*, 175 Ohio St. 39, 191 N.E.2d 172 (1963).

It is beyond dispute that the district court has jurisdiction to try felony criminal cases. Ramirez was charged with the crime of murder, a felony. Thus, although there is a constitutional prohibition against double jeopardy, it does not deprive the court of its jurisdiction to try a murder charge. We believe it is more accurate to say that the double jeopardy clause may deprive the second proceeding of being a valid conviction, but does not deprive the trial court of its jurisdiction over the matter. *See e.g. Cook v. State*, 902 S.W.2d 471, 476 (Tex.Crim.App.1995)("Jurisdiction vests only upon the filing of a valid indictment in the appropriate court."); *Cf. Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76–77 (Tex.2000)("The trial court in this case had jurisdiction because a claim for wrongful death was within its constitution-al jurisdiction, not because the plaintiffs satisfied all the grounds listed in former [Civil Practice and Remedies Code] section 71.031(a).").

We hold that double jeopardy is a non-jurisdictional defect. Ramirez cannot now complain on appeal about a non-jurisdictional defect that happened at the time he was initially placed on deferred adjudication.

JURISDICTION TO REVIEW INVALID OR VOID JUDGMENT?

■ Ramirez also argues that the court cannot revoke his deferred adjudication community supervision and incarcerate him because his conviction is void, a defect not subject to *Manuel*. Relying on *Basaldua*, Ramirez contends that we have the necessary authority to determine this attack on the guilty plea proceedings as if it were an application for a writ of habeas corpus. *Basaldua v. State*, 558 S.W.2d 2 (Tex.Crim.App.1977). *Basaldua* held that where the court did not have jurisdiction to consider an issue as a direct appeal, "if the facts raised a proper habeas corpus issue then the proceedings should be considered as a habeas corpus proceeding since to dismiss the appeal and require a new and separate habeas corpus application would be a useless thing." *Id.* at 5. Ramirez's reliance on *Basaldua* is misplaced.

*Basaldua*[3] was decided prior to the courts of appeals being granted jurisdiction of appeals of criminal cases. In 1981, the courts of appeals were granted jurisdiction of some, but not all, criminal matters. Most notable of the matters over which the courts of appeals do not have jurisdiction are appeals of death penalty convictions,[4] the authority to set aside a

---

**3.** This discussion also applies to numerous cases holding to the same effect such as *Penny v. State*, 567 S.W.2d 6 (Tex.Crim.App. [Panel Op.] 1978) and *Smith v. State* 486 S.W.2d 374, 377 (Tex.Crim.App.1972).

**4.** TEX. CONST. art. V § 5.

final felony conviction,[5] and no original jurisdiction of any criminal habeas corpus proceeding.[6] However, the Court of Criminal Appeals at the time *Basaldua* was decided did have original jurisdiction to hear applications for writs of habeas corpus. They still do. We still do not.

Thus, Ramirez's argument that on the authority of *Basaldua* we can consider this issue as an application for a writ of habeas corpus is not persuasive.

However that does not end the inquiry. The question remains: Does this court have authority to review his double jeopardy claim on direct appeal of an adjudication of guilt following deferred adjudication community supervision? In his Petition for Discretionary Review, Ramirez cites *Heath* and footnotes in *Manuel* for the proposition that he can challenge the validity of the underlying conviction on direct appeal of his adjudication of guilt. *Heath v. State*, 817 S.W.2d 335 (Tex.Crim.App.1991); *Manuel v. State*, 994 S.W.2d 658 (Tex.Crim.App. 1999). Both of these cases can be distinguished from the situation presented by Ramirez.

The court in *Manuel* determined that defendants could appeal from deferred adjudication community supervision to the same extent as defendants could appeal "regular" community supervision. *Manuel*, 994 S.W.2d at 661. But, the Court concluded that a sufficiency question could only be raised on appeal of the imposition of community supervision, not after an adjudication of guilt. *Id.* at 661–662. Ramirez's argument seems to be that by necessary implication jurisdictional attacks on the validity of a conviction can be raised for the first time on appeal of an adjudication of guilt. The Court did not say what issues, if any, *could* be raised on appeal after an adjudication of guilt, and we will not infer the ability to appeal a double

jeopardy claim from *Manuel.* Additionally, as we have held above, his double jeopardy complaint is not a jurisdictional defect.

We draw support for our unwillingness to infer the ability to appeal a double jeopardy issue after the granting of a motion to adjudicate from a recent Court of Criminal Appeals opinion. *See Daniels v. State*, 30 S.W.3d 407 (Tex.Crim.App.2000). In *Daniels*, the defendant attempted to gain a new trial after the granting of a motion to adjudicate because the record of the imposition of deferred adjudication had been lost. The Court of Criminal Appeals held that "[p]ursuant to *Manuel*, the reporter's record from the original deferred adjudication proceeding is not necessary to this appeal's resolution since appellant cannot now appeal *any issues* relating to the original deferred adjudication proceeding." *Id.* at 408. (emphasis added).

*Heath*, on the other hand, was a collateral attack on a judgment based on a plea agreement which imposed an unauthorized sentence. Heath had pled guilty pursuant to a plea agreement. The State recommended and the court assessed punishment at ten years in prison, but suspended imposition of the sentence and placed Heath on probation community supervision. Because of the nature of the offense, Heath was not eligible for probation. The court of appeals held they had no jurisdiction to determine whether the sentence was void. *Heath v. State*, 778 S.W.2d 208 (Tex.App.—Fort Worth 1989), *rev'd*, 817 S.W.2d 335 (Tex.Crim.App.1991).

Upon review, the Court of Criminal Appeals reviewed prior case law in which that court had reviewed void convictions in habeas corpus proceedings. The Court concluded as follows: "Therefore, appellant was not barred from complaining of the void sentence on direct appeal by not first

---

5. Tex.Code Crim.Proc.Ann. art. 11.07 § 3 (Vernon Supp.2001); *Board of Pardons and Paroles v. Court of Appeals*, 910 S.W.2d 481, 483 (Tex.Crim.App.1995); *Ex Parte Gibbons*, 992

S.W.2d 707 (Tex.App.—Waco 1999)(orig.proceeding).

6. *Id.;* Tex. Const. art. V § 8.

raising the issue before the trial court." *Heath,* 817 S.W.2d at 336. It would appear from this sweeping language that any complaint of a void sentence can be raised at any time. However, *Heath,* and the cases it relied on, specifically addressed punishments not authorized as being void. *Id.* at 336–337. The Court's use of the phrase, "punishments not authorized," contemplated punishments assessed that, on their face, were not within the realm of punishments applicable to the particular offense. *See id.* at 339 (op'n on rehr'g). *See also id.* at 341 (Miller, J. dissenting).

The punishment assessed for Ramirez, on its face, is an authorized punishment for the offense of murder. *See* TEX.CODE CRIM. PROC.ANN. art. 42.12 § 5(a) (Vernon Supp. 2001). *Heath* is not applicable to Ramirez's double jeopardy claim on appeal.

We have distinguished the factual underpinnings of *Heath* from the issue presented to us by Ramirez in this appeal. However, Ramirez directs us to the sweeping language in *Heath* which he contends compels us to address the merits of his claim that his sentence is invalid or void as a double jeopardy violation: "Therefore, appellant was not barred from complaining of the void sentence on direct appeal by not first raising the issue before the trial court." *Heath,* 817 S.W.2d at 336.

■ The link not addressed by the parties in this case or the Court in *Heath* is what is the statutory or constitutional authority that would give the courts of appeals, as opposed to the Court of Criminal Appeals, jurisdiction to review the validity of the underlying conviction?

The answer is that the proper procedural vehicle is an application for writ of habeas corpus pursuant to Article V § 8 of the Texas Constitution. TEX. CONST. ART. V § 8; *Ex parte Gibbons,* 992 S.W.2d 707 (Tex.App.—Waco 1999)(orig. proceeding). This application must first be filed with the trial court. *Id.* at 708. If the trial court issues the writ and refuses the application, or otherwise purports to rule on the merits

of the writ, the applicant for the writ can appeal the trial court's ruling by timely invoking the court of appeals' jurisdiction with a notice of appeal. *Id.*

In this case, Ramirez has not taken any of the steps necessary to invoke our jurisdiction to review an application for a writ of habeas corpus. He has not filed an application for a writ of habeas corpus with the trial court. He has not suffered an adverse ruling on an application for a writ of habeas corpus. He has not filed a notice of appeal from an adverse ruling on an application for a writ of habeas corpus. Rather, he asks us to review the validity of his conviction as if we had before us an application for a writ of habeas corpus, but for us to make that review upon a direct appeal from the adjudication of guilt.

Ramirez did not appeal his conviction at the time of his plea agreement as he was fully authorized to do. *See Manuel,* 994 S.W.2d at 661–662. The time within which to bring that direct appeal has long since passed. We do not have original jurisdiction in criminal habeas corpus proceedings. We can only review the denial of some applications for writs by way of a direct appeal. Thus, although Ramirez is properly before this court on the issues related to his punishment, he has not taken the necessary procedural steps to invoke our jurisdiction to review his collateral attack on the underlying conviction.

## PRESERVATION OF COMPLAINT

■ Even if Ramirez could complain on appeal of his adjudication of guilt that his original proceeding in which he pled guilty and was placed on deferred adjudication violated the prohibition against double jeopardy, he must still preserve the complaint for our review. Ramirez failed to preserve his double jeopardy complaint.

Article 27.05 of the Code of Criminal Procedure provides in part:

A defendant's only special plea is that he has already been prosecuted for the same or a different offense arising out of the same criminal episode that was or

should have been consolidated into one trial, and that the former prosecution:

\* \* \*

(3) was improperly terminated....

TEX.CODE CRIM.PROC.ANN. art. 27.05 (Vernon 1989). We reviewed the record and found no special plea made by Ramirez.

■ Ordinarily, this initial lapse in preservation would end our discussion. *See* TEX.R.APP.P. 33.1. However, because of the fundamental nature of double jeopardy protections, a double jeopardy claim may be raised for the first time on appeal or for the first time on collateral attack when (1) the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when (2) the enforcement of the usual rules of procedural default serves no legitimate state interests. *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim.App.2000); *Murray v. State*, 24 S.W.3d 881, 888 (Tex.App.—Waco 2000, no pet.). *See also Shaffer v. State*, 477 S.W.2d 873, 876–877 (Tex.Crim.App.1971).

Ramirez contends that the trial court should have granted a mistrial, sua sponte, before accepting his plea of guilty while the jury was deliberating his guilt. The face of the record does not show any type of double jeopardy violation by the failure of the trial court to grant a mistrial. More importantly, requiring Ramirez to have timely raised his double jeopardy claim in the trial court serves legitimate state interests. As our sister court in Amarillo so aptly stated:

The State has a valid interest in avoiding problems which would interfere with its lawful prosecution of alleged crimes and in being able to research and prepare responses to claims of double jeopardy. It also has a valid interest in being able to investigate and present any evidence which might exist that supports or controverts claims of double jeopardy in order that prosecutions continue when it is proper to do so. It has an interest in conserving valuable judicial time by not going through unnecessary trials when a double jeopardy claim is valid.

*Casey v. State*, 828 S.W.2d 214, 218 (Tex. App.—Amarillo 1992, no pet.).

Because Ramirez's double jeopardy claim does not satisfy the two-pronged test, he cannot raise it for the first time on direct appeal.

MERITS OF THE CLAIM

■ All other discussions aside, even if we reached the merits of the jeopardy claim, on the facts presented by Ramirez we would agree with the Fourteenth Court of Appeals when it said:

[D]ouble jeopardy does not equate to a rule "that every time a defendant is put to trial before a competent tribunal he is entitled to go free if the trial fails to end in a final judgment." *Lofton v. State*, 777 S.W.2d 96, 97 (Tex.Crim.App. 1989), citing *Wade v. Hunter*, 336 U.S. 684, 688, 69 S.Ct. 834, 837, 93 L.Ed. 974, 978 (1949).

Before a defendant can be "twice put in jeopardy," as contemplated by the Fifth Amendment, the original jeopardy must have terminated. "Absent a final judgment, [a defendant] remains under the initial jeopardy. Therefore, retrial for the same offense is not double jeopardy."

*Ex parte Queen*, 877 S.W.2d 752, 754 (Tex.Crim.App.1994) (citing *Ex parte McAfee*, 761 S.W.2d 771, 773 (Tex.Crim. App.1988)). In other words, jeopardy must attach, and then, there must be some jeopardy terminating event before retrial is barred. A jeopardy terminating event can be an acquittal or conviction. *Lofton*, 777 S.W.2d at 97.

*Hanley v. State*, 909 S.W.2d 117, 120 (Tex. App.—Houston [14th Dist.] 1995, no pet.). Here, Ramirez "remained under the initial jeopardy" when he waived a jury, entered his plea of guilty and the court rendered judgment placing Ramirez on community supervision deferred adjudication. The

prohibition against double jeopardy has not been violated.

Ramirez's first two issues are overruled.

## ADJUDICATION OF GUILT

In issues three through seven, Ramirez complains that to impose 20 years imprisonment for drinking an alcoholic beverage in his home and then leaving his home after his 10:00 o'clock p.m. curfew is an abuse of discretion. He bases this argument on the fact that his period of deferred adjudication was only 10 years (issue three), 20 years is excessive (issue four), the sentence violates fundamental fairness and due process as guaranteed by the United States and Texas Constitutions (issue five), and the sentence violates the prohibition against cruel and unusual punishment of the United States and Texas Constitutions (issues six and seven respectively). His complaints have no merit. Ramirez is not being sentenced to 20 years in prison for drinking an alcoholic beverage and violating curfew. He is being punished for murder to which he pled guilty.

## EXCESSIVE PUNISHMENT

█ The Legislature has set the acceptable range of punishment for murder at 5 to 99 years or life. TEX.PEN.CODE ANN. §§ 19.02, 12.32 (Vernon 1994). The trial court assessed the punishment towards the low end of the range of punishment set by the Legislature. This was well within the trial court's discretion. The trial court did not err in sentencing Ramirez to a prison term within the relevant statutory limits but longer than his probationary period. *Von Schounmacher v. State,* 5 S.W.3d 221, 223 (Tex.Crim.App.1999); *Walker v. State,* 557 S.W.2d 785, 786 (Tex.Crim.App.1977). Issue three is overruled.

Likewise, a prison term of 20 years for murder, being within the range set by the legislature is not excessive, nor cruel and unusual punishment. *Samuel v. State,* 477 S.W.2d 611, 614 615 (Tex.Crim.App.1972). Issues four, six and seven are overruled.

## FUNDAMENTAL FAIRNESS–DUE PROCESS

█ Punishment was assessed only at the time Ramirez was adjudicated guilty of murder. Thus, the period of time for which he was placed on deferred adjudication cannot be compared to the length of sentence. No sentence had previously been imposed, thus the trial court could not have been acting vindictively in assessing 20 years in prison. *Walker,* 557 S.W.2d at 786. Issue five is overruled.

## DRIVING WHILE INTOXICATED

The first ground in the motion to adjudicate was that Ramirez had violated the terms of his community supervision order by driving while intoxicated. In his eighth and ninth issues, he complains that the only evidence that he was driving while intoxicated was obtained as a result of an illegal stop in violation of the United States and Texas Constitutions. He complains that it was improper to use this illegally obtained evidence in determining his punishment.

The State had sought adjudication on six different grounds. Ramirez pled true to one of the grounds and the trial court found that he had violated four of the other grounds as alleged. The only ground which the trial court did not find as a basis for adjudicating guilt was the allegation of driving while intoxicated. Because the trial court failed to find driving-while-intoxicated as a ground for adjudication, the issue of the admission of the evidence thereof is moot.

Ramirez contends that the evidence must have been used to enhance his punishment. However, there is simply nothing in the record to support the contention that having failed to find that he was driving while intoxicated, the trial court nevertheless used the testimony offered to support that violation to enhance the sentence. The sentence of 20 years in prison, was not for driving while intoxicated; rather, it was for murder. Issues eight and nine are overruled.

## CONCLUSION

Having overruled all of the issues on appeal, the trial court's judgment revoking his deferred adjudication probation and sentencing Ramirez to 20 years in prison is affirmed.