11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Scott
Allen Cleary

Appellant

Vs.                   No. 11-03-00051-CR B
Appeal from Dallas County

State
of Texas

Appellee

 

The trial court convicted Scott Allen Cleary, upon
his plea of guilty, of the aggravated sexual assault of his five-year-old
daughter by contacting and penetrating her sexual organ with his sexual
organ.  While the State made a
recommendation as to punishment, the record reflects that a plea bargain
agreement was not reached.  The trial
court assessed appellant=s
punishment at confinement for 40 years and a $3,000 fine.  We modify the judgment and affirm.

In his sole point of error on appeal, appellant
complains that the trial court abused its discretion in assessing
punishment.  Appellant contends that,
while his 40-year sentence is within the range of confinement authorized by law,[1]
the trial court should have given him a Achance
for rehabilitation through a deferred adjudication community supervision.@








It was undisputed that appellant had penetrated
his daughter=s sexual
organ with his sexual organ and that he began this sexual activity on his
daughter when she Awas about
two-and-a-half years old, right after she had become potty trained.@ 
Appellant=s younger
sister testified at the punishment stage that appellant had sexually abused her
for about three years while they were growing up.  She stated that the abuse usually occurred on
Monday nights when their mother was at Bible study and their father would be at
home.  Appellant was 13 or 14, and she
was in the first grade when the abuse began. 
Appellant would come into her room; take off her clothes; fondle her
breasts, her crotch, her arms, and her legs; and insert his fingers in her
vagina.  The abuse ended when she was in
the third grade.  One night, a girlfriend
was spending the night.  Appellant
sexually assaulted his sister and then went around to the side of the bed where
her friend was sleeping.  When appellant
tried to abuse her  friend, the friend
woke up and asked appellant what he was doing to her.  Appellant, who was 15 or 16 at the time, ran
off.  The girls told appellant=s mother, and the mother made appellant
apologize.  Appellant=s sister also testified that, when she
suspected that he was abusing his daughter, she 
became angry and feared for her niece=s
safety.

Kara Miller testified that, one night when she was
in the third grade and was spending the night with appellant=s sister, she felt a hand reaching down
her pajama bottoms.  Miller was
stunned  to find appellant kneeling
beside the bed.  Miller said that she
grabbed appellant=s curly
hair, looked at him, and told him to get away. 
She told appellant=s
sister, and the two girls talked to appellant=s
mother.  Appellant=s
mother made him apologize.

Both Miller and appellant=s
sister testified how their experiences with appellant had affected their
lives.  Appellant=s
sister also testified that, when as an adult she confronted him, appellant told
her:  AGet
over it.  It happened a long time
ago.  You need to forgive me.  I=ve
forgiven myself and I=m
a changed man.@  Appellant told her this during the time
period that he was sexually abusing his daughter.  Appellant=s
sister, Miller, and appellant=s
younger brother testified that they each believed that appellant should be
confined to prison.

Mack M. Tomlinson testified that he was a chaplain
and a pastor in Denton, Texas. Tomlinson had been counseling appellant for the
four months prior to trial and had found appellant to be very honest and Avery, very repentant and transparent.@ 
In his opinion, appellant could Adefinitely
be rehabilitated and helped.@  Tomlinson further stated that, in his 28
years of counseling, he had never dealt with anyone more honest and forthright
than appellant.  However, Tomlinson
stated that he was unaware that appellant had penetrated his daughter.








Bill Bruner testified that he was the owner of
ADAPT Healthcare.  At the time of trial,
ADAPT Healthcare was conducting sex-offender counseling and treating 90 sex
offenders.  Appellant had contacted
Bruner about the sex-offender program two months before he entered his plea of
guilty.  Bruner was Ashocked@
because, while appellant had not yet been convicted, he was admitting his
behavior.  Bruner testified that most
offenders maintain their innocence even after conviction.  Appellant had been attending weekly sessions
for two months before he entered his guilty plea and had completed all of the
assignments.  Bruner felt that appellant
could be successfully treated in the program.

John Michael Cleary, appellant=s father, testified that he did not
become aware that appellant was sexually abusing his daughter (appellant=s sister) until after the abuse
stopped.  Cleary stated that he did not
seek treatment for appellant at that time. 
Cleary further testified that, when he was 13, 14, and 15, he fondled
three of his sisters (appellant=s
aunts).  Cleary stated that he did this
on  Aregular
occasions@ and that
the abuse occurred over a three to five year period of time.  He did this Ato
find out more about the opposite sex.@  Cleary stated:  AI
got into a process of starting to masturbate at an early age and that wasn=t gratifying enough to me and my
sisters were available to me.@  After he had been married to appellant=s mother for seven years, Cleary stated
that he had the Aopportunity@ to do the same thing to his wife=s sisters.  Cleary testified that he believed his sexual
contact with his three younger sisters became consensual because they would Amake themselves available@ to him.  However, Cleary stated that they never Avoluntarily@
came and asked him to do Athis@ to them.  Cleary also believed that appellant=s daughter was making herself available
to appellant.  He stated that the
five-year-old victim Awould
come to her father and seek to be touched.@  Cleary asked the trial court to place
appellant on deferred adjudication with the understanding that appellant would
receive counseling.

The trial court stated that it was unable to find,
as TEX. CODE CRIM. PRO. ANN. art. 42.12, '
5 (Vernon Supp. 2003) requires, that placing appellant on deferred adjudication
community supervision was in the best interest of the victim, his
daughter.  The trial court then proceeded
to find appellant guilty and imposed a sentence of confinement for 40 years and
a $3,000 fine.

Sentences assessed within the range of punishment
authorized by the legislature will not be disturbed on appeal unless there is
an abuse of discretion.   Jackson v.
State, 680 S.W.2d 809, 814 (Tex.Cr.App.1984); Salinas v. State, 9
S.W.3d 338, 340 (Tex.App. - San Antonio 1999, no pet=n);
Flores v. State, 936 S.W.2d 478 (Tex.App. - Eastland 1996, pet=n ref=d);
see Buerger v. State, 60 S.W.3d 358, 363 (Tex.App. - Houston [14th
Dist.] 2001, pet=n ref=d); Ramirez v. State, 36 S.W.3d
660, 667 (Tex.App. - Waco 2001, pet=n
ref=d). 
The sentence is within the authorized range and is supported by the
record.  The trial court did not abuse
its discretion.  The sole point of error
is overruled.








The judgment of the trial court is modified  to reflect that a $3,000 fine was assessed
and that a plea bargain agreement was not reached.  As modified, the judgment of the trial court
is affirmed.

 

W. G. ARNOT, III

CHIEF JUSTICE

 

November 6, 2003

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.











[1]The offense of aggravated sexual assault of a child
under the age of 14 is defined by TEX. PENAL CODE ANN. ' 22.021 (Vernon 2003) and is a first degree
felony.  TEX. PENAL CODE ANN. ' 12.32 (Vernon 2003) provides that the punishment for a
first degree felony is confinement for a term of not less than 5 years and not
more that 99 years or for life.  An
optional fine not to exceed $10,000 is also authorized.