11th Court of Appeals
Eastland, Texas
Opinion
 
Neftali Cisneros
            Appellant
Vs.                  No. 11-03-00164-CR – Appeal from Taylor County
State of Texas
            Appellee
 
            The jury convicted Neftali Cisneros of the aggravated sexual assault of his ex-wife, and the
trial court assessed his punishment at confinement for 35 years. We affirm.
            Appellant’s court-appointed counsel has filed a brief in which he reviews the indictment, the
sufficiency of the evidence, the trial court’s evidentiary rulings, the judgment and the sentence, and
the effectiveness of trial counsel and concludes that there are no arguable issues which might support
an appeal. Counsel has furnished appellant with a copy of the brief and has advised appellant of his
right to review the record and file a pro se brief. A pro se brief has not been filed. Counsel has
complied with the procedures outlined in Anders v. California, 386 U.S. 738 (1967); Stafford v.
State, 813 S.W.2d 503 (Tex.Cr.App.1991); High v. State, 573 S.W.2d 807 (Tex.Cr.App.1978);
Currie v. State, 516 S.W.2d 684 (Tex.Cr.App.1974); and Gainous v. State, 436 S.W.2d 137
(Tex.Cr.App.1969).
            Following the procedures outlined in Anders, we have independently reviewed the record. 
In order to determine if the evidence is legally sufficient, we must review all of the evidence in the
light most favorable to the verdict and determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307
(1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000). In order to determine if the evidence
is factually sufficient, we must review all of the evidence in a neutral light and determine whether
the evidence supporting guilt is so weak as to render the conviction clearly wrong and manifestly
unjust or whether the evidence supporting guilt, although adequate when taken alone, is so greatly
outweighed by the overwhelming weight of contrary evidence as to render the conviction clearly
wrong and manifestly unjust. Vasquez v. State, 67 S.W.3d 229, 236 (Tex.Cr.App.2002); Goodman
v. State, 66 S.W.3d 283 (Tex.Cr.App.2001); Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App.2000);
Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d 126
(Tex.Cr.App.1996). 
            The victim testified that, when she entered her home at 8:50 a.m., she noticed that the
bathroom door was “cracked open.” She pushed the door open and found appellant standing in front
of her with a hammer in his right hand. His right arm was raised over his shoulder, and she was
afraid that he was going to hit her with the hammer. The victim testified that she “just took off
running,” that appellant grabbed her by her hair, and that they struggled. She fell, and appellant fell
on top of her. The victim screamed: “Please, stop” and “Help.” Appellant responded by telling her
to “shut up” or he would beat her “f-----g head in with the hammer.” 
            During the next two hours, appellant hit her on the head twice with the hammer, inserted first
the head of the hammer and then the handle of the hammer into her rectum, cut the cord off of a
curling iron and used it to bind her hands behind her back, cut her shirt off with a razor blade, held
a knife to her neck, forced her to perform oral sex, and then penetrated her vaginally. During this
time, appellant asked her if she “enjoyed pain”; told her that this was for the pain she had put him
and their sons through; hit her in the head with the hammer to make her be quiet; told her if she was
not quiet that he would beat her “f-----g head in with the hammer”; told her not to bother fighting
because she was not going to live to see her boyfriend; and asked her if she would like to go to a
“safe house” where he could torture her, she could scream, and no one would hear her. One time
while she was on her stomach, the victim turned her head to see appellant holding the knife in one
hand and the hammer in the other. 
            After the sexual acts, appellant and the victim took a shower together. She followed his
instructions because she was afraid of what he might do if she refused. Appellant was “nice” in the
shower; however, when he selected the clothes that he wanted her to wear, appellant told her that
“those were the clothes that [she] was going to wear on the day that [she] died.” 
            Appellant put the curling iron cord together with her pants and underwear in a plastic bag and
took the bag with him when he left. He also put the knife in his pocket. The victim convinced
appellant to let her drive him to where he parked his mother’s car and then to let her follow him in
her vehicle to an Easter egg hunt for one of their sons. When she had the opportunity, the victim
turned and drove to the elementary school where their youngest son was a student and where she
knew the people working in the school office. While she was driving, she noticed in her rear view
mirror that appellant tried to make a U-turn to follow her. 
            The victim testified that, during their ten-year marriage, she and appellant had experimented
sexually with ice, fruit, and a curling iron. She had been drunk when appellant used the curling iron
and did not remember. The victim testified, however, that they had not had “rough sex” during their
relationship and that she did not want to do the type of things that occurred that day. The victim
stated that she had had sex with appellant after their divorce because he would give her money. 
            The medical testimony supported the victim’s statements that the various sexual acts were
not consensual. Her labia area was tender which was consistent with non-consensual sex and blunt
force trauma. Her rectum was red and tender, and her sphincter muscle was slightly relaxed. Both
conditions were consistent with recent penetration. She had a “goose egg” or hematoma over her
ear as the result of blunt force trauma and ligature marks on her wrist consistent with a cord pressing
on her wrists. Her shoulders and upper arms were bruised. The back of her neck was tender which
was consistent with being “roughed around and pulled by her hair.” 
            At trial, it was undisputed that appellant and the victim had engaged in sexual activity. The
issue was whether the victim had consented to the activity. The victim repeatedly stated that she did
not consent to any of the sexual acts, and the medical evidence supported her denial of consensual
sexual activity. A rational jury could have found beyond a reasonable doubt that appellant
committed the offense of aggravated sexual assault. Likewise, the evidence supporting appellant’s
guilt is neither so weak as to render the conviction clearly wrong and manifestly unjust nor so greatly
outweighed by the overwhelming weight of contrary evidence as to render the conviction clearly
wrong and manifestly unjust. We find that the evidence is both legally and factually sufficient to
support the verdict.
            In considering the effectiveness of trial counsel, we must indulge a strong presumption that
trial counsel’s conduct fell within the wide range of reasonable professional assistance; and appellant
must overcome the presumption that, under the circumstances, the challenged action might be
considered sound trial strategy. Stafford v. State, supra at 508-09. The record reflects that trial
counsel rendered reasonably effective assistance. Strickland v. Washington, 466 U.S. 668 (1984);
Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App.1999). 
            Pursuant to TEX. PENAL CODE ANN. § 22.021 (Vernon Supp. 2004), aggravated sexual
assault is a first degree felony. The range of punishment for the offense is confinement for life or
for a term of not more than 99 years and not less than 5 years. TEX. PENAL CODE ANN. § 12.32
(Vernon 2003). Section 12.32 also authorizes an optional fine not to exceed $10,000. We note that
the punishment assessed was well within the limits established by the legislature and was supported
by the record and that the trial court did not abuse its discretion. Jackson v. State, 680 S.W.2d 809,
814 (Tex.Cr.App.1984); Salinas v. State, 9 S.W.3d 338, 340 (Tex.App. - San Antonio 1999, no
pet’n); Flores v. State, 936 S.W.2d 478 (Tex.App. - Eastland 1996, pet’n ref’d); see Buerger v. State,
60 S.W.3d 358, 363 (Tex.App. - Houston [14th Dist.] 2001, pet’n ref’d); Ramirez v. State, 36
S.W.3d 660, 667 (Tex.App. - Waco 2001, pet’n ref’d). 
            The record does not reflect any reversible error. We agree that the appeal is without merit.
            The judgment of the trial court is affirmed.
 
                                                                                    PER CURIAM
 
January 22, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.