11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Leslie
Glen Wright

Appellant

Vs.                   Nos. 11-03-00198-CR & 11-03-00199-CR B Appeals from Harris County

State
of Texas

Appellee

 

In each appeal, the trial court convicted Leslie
Glen Wright, upon his plea of guilty, of aggravated assault on a public
servant.  Plea bargain agreements were
not reached.  In Cause No.
11-03-00198-CR, the trial court assessed punishment at confinement for 55
years.  In Cause No. 11-03-00199-CR, the
trial court assessed punishment at confinement for 15 years.  We affirm.

Appellant=s
court-appointed counsel has filed a brief in which he certifies that the
appeals are frivolous.  To support his
statement, counsel reviews in detail the indictments, the elements of the
offense, the guilty pleas, the admonishments, and appellant=s judicial confessions. Counsel further
applies the relevant law to the facts of each appeal.  

Counsel has furnished appellant with a copy of the
brief and advised appellant of his right to review the record and file a pro se
brief.  A pro se brief has not been
filed.  Counsel has complied with the
procedures outlined in Anders v. California, 386 U.S. 738 (1967); Stafford
v. State, 813 S.W.2d 503 (Tex.Cr.App.1991); High v. State, 573
S.W.2d 807 (Tex.Cr.App.1978); Currie v. State, 516 S.W.2d 684
(Tex.Cr.App.1974); and Gainous v. State, 436 S.W.2d 137
(Tex.Cr.App.1969).








Following the procedures outlined in Anders,
we have independently reviewed the record. 
Harris County Deputy Sheriff Craig Thomas, the victim in Cause No.
11-03-00198-CR, testified at the punishment hearing that he told appellant to
stop.  Appellant ignored Deputy Thomas,
got into a vehicle, and almost struck Deputy D. Gordon, the victim in Cause No.
11-03-00199-CR.  Appellant then turned
the vehicle toward Deputy Thomas. 
Appellant looked Adirectly@ at Deputy Thomas Awith an angry look on his face,@ Apunched
the gas,@ and
drove straight toward Deputy Thomas. 
Deputy Thomas fired at appellant and then tried to move out of the
way.  Appellant turned the vehicle and
chased Deputy Thomas.  Appellant struck
Deputy Thomas, throwing him into the air. 
Deputy Thomas was hit in his leg by friendly fire, and his femoral
artery was severed.  He was thrown in
front of the vehicle, and appellant ran over the deputy=s
arm.  Appellant turned the vehicle
around, struck Deputy Thomas again, and then drove off.  Deputy Thomas=s
partner chased appellant on foot. 
Appellant drove around a corner and headed toward a group of
children.  Deputy Thomas=s partner shot appellant in the
neck.  Appellant crashed the vehicle and
then fled on foot.   

TEX. PENAL CODE ANN. '
22.02(b)(1) (Vernon Supp. 2004) defines the offense and declares it to be a
first degree felony.  TEX. PENAL CODE
ANN. ' 12.32
(Vernon 2003) provides that the range of punishment for a first degree felony
is confinement for life or confinement for any term of not more than 99 years
and not less than 5 years.  Section 12.32
also authorizes an optional fine not to exceed $10,000.  The punishment assessed in each case is
supported by the evidence and within the range authorized by the
legislature.  The trial court did not
abuse its discretion.  Jackson v.
State, 680 S.W.2d 809, 814 (Tex.Cr.App.1984); Salinas v. State, 9 S.W.3d
338, 340 (Tex.App. - San Antontio 1999, no pet=n);
Flores v. State, 936 S.W.2d 478 (Tex.App. - Eastland 1996, pet=n ref=d);
see Buerger v. State, 60 S.W.3d 358, 363 (Tex.App. - Houston [14th
Dist.] 2001, pet=n ref=d); Ramirez v. State, 36 S.W.3d
660, 667 (Tex.App. - Waco 2001, pet=n
ref=d).

The record reflects that appellant received
reasonably effective assistance of counsel. 
Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v.
State, 988 S.W.2d 770 (Tex.Cr.App. 1999). 
The record does not reflect that counsel=s
representation was not within the range of competence demanded of attorneys in
criminal cases or that there is a reasonable probability that, but for any
error on counsel=s part,
appellant would have insisted on going to trial and not have pleaded
guilty.  Hill v. Lockhart, 474
U.S. 52 (1985); Ex parte Morrow, 952 S.W.2d 530 (Tex.Cr.App.1997),
cert. den=d, 525
U.S. 810 (1998).  We agree that the
appeals are without merit.

The judgments of the trial court are affirmed.

 

PER CURIAM

February 12, 2004

Do not publish.  See TEX.R.APP.P.
47.2(b).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J .