

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00284-CR

**QUENTIN FONTENOT,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2006-991-C2**

## MEMORANDUM  OPINION

After being charged in a two-count indictment with the second-degree felony offenses of sexual assault (Count One) and indecency with a child (Count Two), Quentin Fontenot entered into a plea bargain in which he pled guilty to Count One with a recommended sentence of ten years' deferred adjudication community supervision and a waiver of Count Two. The trial court accepted the plea agreement and sentenced Fontenot accordingly, along with a 45-day jail term as a condition of community supervision.

A few months after Fontenot served his jail term, the State filed a motion to adjudicate guilt, alleging sixteen violations of the conditions of Fontenot's deferred adjudication community supervision. At the hearing, Fontenot pled true to fifteen of the allegations. On cross-examination, Fontenot revealed that he had a prior juvenile adjudication for aggravated sexual assault. The trial court adjudicated Fontenot guilty and sentenced him to twenty years in prison.

Fontenot's appellate counsel has filed an *Anders* brief presenting five potential grounds that he determined are without merit. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Although informed of his right to do so, Fontenot did not file a *pro se* brief or response. The State did not file a brief. We will affirm.

In an *Anders* case, we must, "after a full examination of all the proceedings, [] decide whether the case is wholly frivolous." *Id.* at 744, 87 S.Ct. at 1400; *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991); *see generally Villanueva v. State*, 209 S.W.3d 239, 243-44 (Tex. App.—Waco 2006, no pet.). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n.10, 108 S.Ct. 1895, 1902 n.10, 100 L.Ed.2d 440 (1988). Arguments are frivolous if they "cannot conceivably persuade the court." *Id*. at 426, 108 S.Ct. at 1901. An appeal is not frivolous if based on "arguable grounds." *Stafford,* 813 S.W.2d at 511.

We will summarily address counsel's five potential grounds to determine if they might arguably support an appeal. *See Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) ("In our view, the Court of Appeals has benefitted the appellant by providing him with the additional detail as to why the grounds are not meritorious.").

Appellate counsel first addresses whether the trial court abused its discretion in adjudicating Fontenot guilty. An appeal from an adjudication of guilt "is reviewable in the same manner as a revocation hearing conducted under Section 21 of [article 42 of the Code of Criminal Procedure]." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2009). Our review is limited to whether the trial court abused its discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). A plea of true to any one alleged violation will support revocation of community supervision. *Atchison v. State*, 124 S.W.3d 755, 758 n.4 (Tex. App.—Austin 2003, pet. ref'd) (citing *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979)). An appellant cannot challenge a revocation finding on an allegation to which he pleaded true. *Harris v. State*, 160 S.W.3d 621, 626 (Tex. App.—Waco 2005, pet. dism'd). Because Fontenot pled true to fifteen of the sixteen allegations, the trial court could not have abused its discretion by proceeding with an adjudication of Fontenot's guilt and revoking his community supervision. Accordingly, we agree with counsel that the trial court's proceeding to an adjudication of guilt is not an issue that might arguably support an appeal.

Next, appellate counsel addresses whether the trial court's imposition of a twenty-year sentence was an abuse of discretion. The punishment range for the second-degree felony to which Fontenot pled guilty is two to twenty years. TEX. PEN. CODE ANN. § 12.33(a) (Vernon Supp. 2009). A sentence that falls within the statutory range but is longer than the term of community supervision is not an abuse of discretion. *See Ramirez v. State*, 36 S.W.3d 660, 667 (Tex. App.—Waco 2001, pet. ref'd); *see also Atchison*,

124 S.W.3d at 759-60. We agree with counsel that the trial court's imposition of a twenty-year sentence is not an issue that might arguably support an appeal.

Fontenot's counsel's third ground is whether the trial court's imposition of a twenty-year sentence violated due process. A due process violation does not occur simply because the trial court imposes the maximum punishment following adjudication. *Atchison,* 124 S.W.3d at 759. Accordingly, we agree with counsel that due process is not an issue that might arguably support an appeal.

For his fourth and fifth grounds, Fontenot's counsel considers whether the trial court's imposition of a twenty-year sentence was excessive and disproportionate under the Texas Constitution (Article I, Section 13) and cruel and unusual under the U.S. Constitution (Eighth Amendment). A sentence is not disproportionate, nor cruel and unusual, if it falls within the limits prescribed by a valid statute. *Buster v. State*, 144 S.W.3d 71, 81 (Tex. App.—Tyler 2004, no pet.) (citing *Davis v. State*, 119 S.W.3d 359, 363 (Tex. App.—Waco 2003, pet. ref'd)); *see also Atchison,* 124 S.W.3d at 760; *Ramirez,* 36 S.W.3d at 667. We thus agree with counsel that the sentence's constitutionality is not an issue that might arguably support an appeal.

We have also conducted an independent review of the record, and because we find this appeal to be wholly frivolous, we affirm the judgment. Counsel must send Fontenot a copy of our decision by certified mail, return receipt requested, at his last known address. TEX. R. APP. P. 48.4. Counsel must also notify Fontenot of his right to file a *pro se* petition for discretionary review. *Id.*; *see also Ex parte Owens*, 206 S.W.3d 670, 673-74 (Tex. Crim. App. 2006); *Villanueva*, 209 S.W.3d at 249. We grant counsel's motion

to withdraw, effective upon counsel's compliance with the aforementioned notification requirement as evidenced by "a letter [to this Court] certifying his compliance." *See* TEX. R. APP. P. 48.4.


                                        REX D. DAVIS
                                        Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
        (Chief Justice Gray concurs with the Court's judgment to the extent it affirms the
        Trial Court's judgment.  A separate opinion will not issue.)
Affirmed
Opinion delivered and filed March 31, 2010
Do not publish
[CR25]