IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00284-CR

 

Quentin Fontenot,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 54th District
Court

McLennan County, Texas

Trial Court No. 2006-991-C2

 



MEMORANDUM  Opinion



 

After being
charged in a two-count indictment with the second-degree felony offenses of
sexual assault (Count One) and indecency with a child (Count Two), Quentin
Fontenot entered into a plea bargain in which he pled guilty to Count One with
a recommended sentence of ten years’ deferred adjudication community
supervision and a waiver of Count Two.  The trial court accepted the plea
agreement and sentenced Fontenot accordingly, along with a 45-day jail term as
a condition of community supervision.

A few months
after Fontenot served his jail term, the State filed a motion to adjudicate
guilt, alleging sixteen violations of the conditions of Fontenot’s deferred
adjudication community supervision.  At the hearing, Fontenot pled true to
fifteen of the allegations.  On cross-examination, Fontenot revealed that he
had a prior juvenile adjudication for aggravated sexual assault.  The trial
court adjudicated Fontenot guilty and sentenced him to twenty years in prison.

Fontenot’s appellate
counsel has filed an Anders brief presenting five potential grounds that he
determined are without merit.  See Anders
v. California,
386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  Although
informed of his right to do so, Fontenot did not file a pro se brief or
response.  The State did not file a brief.  We will affirm.

In an Anders case, we must, “after a full examination of
all the proceedings, [] decide whether the case is wholly frivolous.”  Id. at 744, 87 S.Ct. at 1400;
accord Stafford v. State, 813 S.W.2d 503, 509-11 (Tex.
Crim. App. 1991); see generally Villanueva v. State, 209
S.W.3d 239, 243-44 (Tex. App.—Waco 2006, no pet.).  An appeal is “wholly
frivolous” or “without merit” when it “lacks any basis in law or fact.”  McCoy v. Court of Appeals, 486 U.S. 429, 439 n.10, 108 S.Ct.
1895, 1902 n.10, 100 L.Ed.2d 440 (1988).  Arguments are frivolous if
they “cannot conceivably persuade the court.”  Id. at 426, 108 S.Ct. at
1901.  An appeal is not frivolous if based on “arguable grounds.”  Stafford,
813 S.W.2d at 511.

We will
summarily address counsel’s five potential grounds to determine if they might
arguably support an appeal.  See Garner v. State, 300 S.W.3d 763, 767
(Tex. Crim. App. 2009) (“In our view, the Court of Appeals has benefitted the
appellant by providing him with the additional detail as to why the grounds are
not meritorious.”).

Appellate
counsel first addresses whether the trial court abused its discretion in
adjudicating Fontenot guilty.  An appeal from an adjudication of guilt “is
reviewable in the same manner as a revocation hearing conducted under Section
21 of [article 42 of the Code of Criminal Procedure].”  Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2009).  Our review is limited to whether the trial court abused its
discretion.  Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim. App.
2006).  A plea of true
to any one alleged violation will support revocation of community supervision. 
Atchison v. State, 124 S.W.3d 755, 758 n.4 (Tex.
App.—Austin 2003, pet. ref’d) (citing
Moses
v. State, 590
S.W.2d 469, 470 (Tex. Crim. App. 1979)).  An appellant cannot
challenge a revocation finding on an allegation to which he pleaded true.  Harris
v. State, 160 S.W.3d 621, 626 (Tex. App.—Waco 2005, pet. dism’d).  Because
Fontenot pled true to fifteen of the sixteen allegations, the trial court could
not have abused its discretion by proceeding with an adjudication of Fontenot’s
guilt and revoking his community supervision.  Accordingly, we agree with
counsel that the trial court’s proceeding to an adjudication of guilt is not an
issue that might arguably support an appeal.

Next, appellate counsel addresses
whether the trial court’s imposition of a twenty-year sentence was an abuse of
discretion.  The punishment range for the second-degree felony to which
Fontenot pled guilty is two to twenty years.  Tex.
Pen. Code Ann. § 12.33(a) (Vernon Supp. 2009).  A sentence that falls
within the statutory range but is longer than the term of community supervision
is not an abuse of discretion.  See Ramirez v. State, 36 S.W.3d 660, 667
(Tex. App.—Waco 2001, pet. ref’d); see also Atchison, 124 S.W.3d at
759-60.  We agree with counsel that the trial court’s imposition of a
twenty-year sentence is not an issue that might arguably support an appeal.

Fontenot’s counsel’s third ground is
whether the trial court’s imposition of a twenty-year sentence violated due
process.  A due process violation does not occur simply because the trial court
imposes the maximum punishment following adjudication.  Atchison, 124
S.W.3d at 759.  Accordingly, we agree with counsel that due process is not an
issue that might arguably support an appeal.

For his fourth and fifth grounds,
Fontenot’s counsel considers whether the trial court’s imposition of a
twenty-year sentence was excessive and disproportionate under the Texas
Constitution (Article I, Section 13) and cruel and unusual under the U.S.
Constitution (Eighth Amendment).  A sentence is not disproportionate, nor cruel
and unusual, if it falls within the limits prescribed by a valid statute.  Buster
v. State, 144 S.W.3d 71, 81 (Tex. App.—Tyler 2004, no pet.) (citing Davis
v. State, 119 S.W.3d 359, 363 (Tex. App.—Waco 2003, pet. ref’d)); see
also Atchison, 124 S.W.3d at 760; Ramirez, 36 S.W.3d at 667. 
We thus agree with counsel that the sentence’s constitutionality is not an
issue that might arguably support an appeal.

We have also conducted an independent
review of the record, and because we find this appeal to be wholly frivolous, we affirm the judgment.  Counsel must send Fontenot a copy of our
decision by certified mail, return receipt requested, at his last known
address.  Tex. R.
App. P. 48.4. 
Counsel must also notify
Fontenot of his right to file a pro se petition for discretionary
review.  Id.; see also Ex parte Owens, 206 S.W.3d 670, 673-74 (Tex.
Crim. App. 2006); Villanueva, 209 S.W.3d at 249. 
We grant counsel’s motion to withdraw, effective upon counsel’s compliance with
the aforementioned notification requirement as evidenced by “a letter [to this
Court] certifying his compliance.”  See Tex. R.
App. P. 48.4.

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

(Chief Justice Gray concurs with the
Court’s judgment to the extent it affirms the Trial Court’s judgment.  A
separate opinion will not issue.)

Affirmed

Opinion
delivered and filed March 31, 2010

Do
not publish

[CR25]








 





During the State’s initial guilt/innocence
argument, the prosecutor made some effort to cast the deceased in a better
light than Appellant but offered no explanation for, among other things, the
deceased’s felony conviction and prison sentence.  During the punishment
argument, the State offered that the deceased was only 25 and his murder meant
he wouldn’t have the same chance to turn his life around that Appellant had. 
None of the traditional arguments seeking justice for the deceased because his
life had been taken were presented by the prosecution at either phase of the
trial.





[3]
Ken Anderson, Judge of
the 277th District Court of Williamson County, sitting by assignment of the
Chief Justice of the Texas Supreme Court pursuant to section 74.003(h) of the
Government Code.  See Tex. Gov't
Code Ann. § 74.003(h) (Vernon 2005).