

IN THE
TENTH COURT OF APPEALS

No. 10-12-00285-CR

RONALD WAYNE JACKSON, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 54th District Court
McLennan County, Texas
Trial Court No. 2011-1626-C2

DISSENTING OPINION

If a parent punishes a child so severely that flesh is removed from the child's buttocks, causing open oozing wounds, and also in the course of punishing the child strikes the child with enough force to break bones in the child's hands and then keeps the child at home for the next four days, the first and last of which are school days, withholding medical treatment while the child is obviously in pain and the use of his hand is substantially impaired, has the parent committed one crime of injury to a child, or two? The appellant, the State, and the Court find only one. I believe there are two.

I am not unmindful of the case the appellant, the State, and the Court reply upon. *See Jefferson v. State*, 189 S.W.3d 305 (Tex. Crim. App. 2006). Nor am I unmindful of the more recent case of *Villanueva*, or a long line of cases that have held that injury to a child is a result oriented crime. *See Villanueva v. State*, 227 S.W.3d 744 (Tex. Crim. App. 2007).

But what strikes me in this case, as hard as Jackson struck his son, is that at least as charged and tried in this case, there were two results sufficiently distinct to charge and prosecute as separate violations of the same penal code provision – the violation of the same statute but not with the same result; therefore, two separate crimes. This case presents the narrow hypothetical as recognized and discussed in *Villanueva*. *Id.* at 748-749. At the very least, the evidence of the impaired use of his hand and the untreated pain over the four day time period before school personnel intervened on the fifth day negates the conclusion that the double jeopardy violation was apparent on the face of the record and, thus, did not require preservation. *See Ramirez v. State*, 36 S.W.3d 660 (Tex. App.—Waco 2001, pet. ref'd). Had there been an objection and it was decided at the trial level that there would be a double jeopardy violation, a distinct possibility since the State now attempts to concede error, there would have been a single count presented to the jury with alternative manner and means upon which unanimity would not have been required. Thus, if this is a double jeopardy violation, I do not believe it is immune to the preservation requirement. *See id*.

And if I am wrong on the double jeopardy question, I note that all that is necessary for the disposition of this proceeding is section III of the Court's opinion and there is no need to discuss anything with regard to Count I. Thus, the entire discussion and analysis in section II of the opinion is unnecessary dicta. Indeed, even the factual background is largely irrelevant.

## CONCLUSION

In summary, I understand that Count II was not argued as distinctly as it might have been, but, nevertheless, I believe the injuries inflicted by omission by failing to seek medical attention are sufficiently distinct so as to make Jackson's conduct after initially inflicting the injuries a separate and distinct violation of the same provision of the penal code – injury to a child. Accordingly, I respectfully dissent to the Court's judgment acquitting Jackson of Count I – injury to a child.[1]


TOM GRAY
Chief Justice

Dissenting opinion delivered and filed on February 14, 2013

---

[1] I also note the judgment erroneously recites that the defendant pled guilty and would reform it to recite that Jackson pled NOT guilty.