

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-17-00239-CR

## EX PARTE DAVID WAYNE UNDERWOOD

_____

### From the 18th District Court
### Johnson County, Texas
### Trial Court No. F47362

---

## MEMORANDUM OPINION

---

In a document received on July 21, 2017 and filed on July 25, 2017, David Wayne Underwood asks us to dismiss three counts of an indictment relating to offenses of delivery of a controlled substance in case number F47362 from a district court in Johnson County because the State failed to take action in accordance with the Interstate Agreement on Detainers Act (IADA). Underwood contends that he invoked the IADA in 2015 and that the State has yet to try him on these counts.

We are a court of appeals. As such, we have original and appellate jurisdiction only as authorized by law. *See* TEX. CONST. art. V § 6. By requesting a dismissal of his

indictment pursuant to the IADA, Underwood appears to be attempting to invoke our original jurisdiction.[1]

We have original jurisdiction to issue writs of mandamus, *see* TEX. GOV'T CODE ANN. § 22.221(b), and writs of habeas corpus where an individual is confined due to a violation of an order made in a civil case. *Id.* (d). Underwood is not requesting that we mandamus the trial court and has not alleged that he is being confined in a civil case. Further, we do not have original jurisdiction of *any* writs of habeas corpus in criminal cases. *See Ramirez v. State*, 36 S.W.3d 660, 664 (Tex. App.—Waco 2001, pet. ref'd).

We reiterate that original jurisdiction is only as authorized by law. TEX. CONST. art. V § 6. We know of no law, and Underwood has not cited or directed us to any, that gives us original jurisdiction to grant a motion to dismiss an indictment pending in the trial court.

Accordingly, this original proceeding is dismissed for want of jurisdiction.

TOM GRAY
Chief Justice



Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Petition dismissed
Opinion delivered and filed August 2, 2017
Do not publish
[OT06]

---

[1] We note that the document was not properly served on the opposing parties. *See* TEX. R. APP. P. 9.5. However, we use Rule 2 to proceed to a timely disposition of Underwood's request.